**In re Lawrence Delton DREBES and Norma Jean Drebes, Debtors.**

**Bankruptcy No. 87–40704–12.**

United States Bankruptcy Court, D. Kansas.

Jan. 31, 1995.

Alan L. Tipton, Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, for debtors.

Calvin J. Karlin, Barber, Emerson, Springer, Zinn & Murray, L.C., Lawrence, KS, for Farm Credit Bank of Wichita.

Eric C. Rajala, Chapter 12 Standing Trustee, Overland Park, KS.

*ORDER DENYING DEBTORS' MOTION FOR NUNC PRO TUNC CORRECTION OF ORDER CONFIRMING PLAN*

JOHN T. FLANNAGAN, Bankruptcy Judge.

Now on this 31st day of January, 1995, the Court considers debtors' Motion for Order Nunc Pro Tunc Correcting Clerical Errors in Order Confirming Plan.[1] The motion is denied for the reasons that follow.

The parties agreed to a stipulation of facts, filed April 5, 1993, outlining the relevant circumstances and events.

---

1. Debtors appear by their attorney, Alan L. Tipton of Hamilton, Peterson, Tipton & Keeshan, Topeka, Kansas. Farm Credit Bank of Wichita appears by its attorney, Calvin J. Karlin of Bar-ber, Emerson, Springer, Zinn & Murray, L.C., Lawrence, Kansas. The Chapter 12 Standing Trustee, Eric C. Rajala, also appears.

■ Debtors filed their Chapter 12 petition on May 4, 1987, listing in their schedules a priority real estate tax claim held by Washington County, Kansas, in the amount of $12,179.80.

However, neither Washington County nor the debtors on behalf of the county filed a proof of claim in the case. Consequently, the Chapter 12 standing trustee made no payments to Washington County during the four and one-half years prior to the debtors' motion for nunc pro tunc order. At the time of debtors' motion, the trustee held $9,194.27 for distribution.

Debtors contend that Washington County's priority tax claim should share in the funds remaining for distribution, while the Farm Credit Bank and the standing trustee take the position that those funds should go to general unsecured claim holders.

Debtors filed a Chapter 12 plan on August 3, 1987. Attached to the plan was a copy of the debtors' schedules showing Washington County's priority claim.

Paragraph 4 of the plan addressed priority claims:

4. *Priority Creditors:* Creditors holding claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments as set out in Exhibit A, class one.

The referenced Exhibit A stated that the priority creditors would receive payments over five years with no interest.

At the confirmation hearing on November 2, 1987, debtors presented a liquidation analysis which showed that unsecured creditors were entitled to receive a minimum of $29,232.61 to satisfy the best interest of creditor's test of § 1225(a)(4). Based on the liquidation analysis, the Court confirmed the plan. The debtors filed an Order of Confirmation on November 25, 1987, to which they attached a copy of the liquidation analysis. The analysis indicated that unsecured creditors would receive the $29,232.61, but did not distinguish between unsecured priority and nonpriority claims. According to the debtors, they intended the analysis to mean that priority unsecured claims, such as Washington County's, would share in the $29,232.61

liquidation amount with general unsecured claims. However, this was not clearly shown by the document, and the trustee did not interpret it to require him to pay anything to Washington County. Debtors want the Court to reform the confirmation order so that Washington County can be paid, at least in part. They are no doubt motivated by the realization that, contrary to the listing in the schedules, Washington County's claim is secured by a statutory lien on the debtors' land, which would be partially satisfied by the funds remaining in the trustee's hands.

■ The debtors urge that because they attached to the plan their schedules showing the county's priority unsecured claim, the Court should hold it entitled to payment under the informal claim doctrine. Unfortunately, Fed.R.Bankr.P. 3002 mandates that proofs of claim "shall" be filed in Chapter 12 cases within 90 days after the first date set for the meeting of creditors, subject to some exceptions not relevant here. While the informal claim doctrine applies in Chapter 11 cases, it does not operate in Chapter 12 cases.

■ Furthermore, since the debtors prepared the order of confirmation, they must bear the burden of any errors resulting from their failure to make their meaning clear. The creditors and the standing trustee are entitled to rely upon the debtors' confirmation order as drafted.

The debtors' motion for order nunc pro tunc correcting clerical errors is overruled with directions to the trustee to distribute the funds at issue to unsecured creditors, excluding Washington County, Kansas.

IT IS SO ORDERED.