In re Alejandrina MACIAS, Debtor.

Bankruptcy No. 95–31002–13.

United States Bankruptcy Court,
W.D. Texas,
El Paso Division.

May 15, 1996.

Jerry Tanzy, El Paso, Texas, for Debtor.

E.P. Bud Kirk, El Paso, Texas, for Sunwest Bank of El Paso.

Phyllis Bracher, Chapter 13 Trustee, El Paso, Texas.

## DECISION AND ORDER ON MOTION TO ALLOW SECURED CLAIM

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the foregoing matter. Sunwest Bank of El Paso filed a secured claim on February 21, 1996. A bar date of December 4, 1995 for filing claims was set out in the Order and Notice of First Meeting of Creditors. This notice is sent to all creditors in the case, whether secured or unsecured. The chapter 13 trustee indicated her intention not to pay Sunwest's claim, because it has been untimely filed. The bank complained that bar dates do not apply to secured creditors and the claim should accordingly be honored. The trustee suggested that the bank file this motion to obtain a ruling from the court on the matter.

### THE PROBLEM STATED

The creditor notes correctly that the bankruptcy rules do not impose a bar date for secured claims in a chapter 13 case. FED. R.BANKR.P., Rule 3002 (Clark, Boardman, Callaghan 1995–96 ed.). A secured creditor may choose not to file a claim at all, pursuant to Section 501 of title 11, and it is that provision perhaps that best explains why secured creditors were excluded from Rule 3002. *See* 11 U.S.C. § 501. Sunwest maintains that it can therefore file its secured claim at any time, without fear of being late, and without worry that the claim might be disallowed as untimely. *See* 11 U.S.C. § 502(b)(9).

The trustee in this district and division maintains that she is only permitted to make distributions to creditors who have timely filed a proof of claim. The Bankruptcy Code itself has no express requirement for this rule, given that Section 1326 only obligates the trustee to make distribution to *creditors ... in accordance with the plan.* 11 U.S.C. § 1326(b)(2), (c). However, the implication of that section is that only creditors with allowed claims would be entitled to distribution, because "creditor" is defined as one who holds a "claim," and claims are established by the filing of a proof thereof in accordance with section 502(a). *See* 11 U.S.C. §§ 101(10); 502(a). Section 1322, which describes what plans may provide, does not use the term "allowed claim" in the context of secured creditors. *See* 11 U.S.C. § 1322(b)(2), (5). Section 1325 of course *does* use the term, but only in the context of findings that the court makes as a predicate to confirmation. 11 U.S.C. § 1325(a)(5). But even that section does not expressly prohibit the confirmation of a plan which calls for distributions to secured creditors that do not have "allowed claims" within the meaning of section 502.

The Bankruptcy Rules appear to fill in this gap at least in part, however. Rule 3021 provides that distributions under a plan may only be made to "allowed claims." *See* FED.R.BANKR.P. 3021. That rule applies to all plans, regardless of chapter, there being no limitation in either the rule itself or its title that would limit its application only to chapter 11 cases. Thus, even though a secured creditor might choose to "ride through" a bankruptcy case by refusing to file a claim, the bankruptcy rule appears to mandate that the creditor may receive distributions out of the plan only if it holds an allowed claim. *See In re Schaffer,* 173 B.R.

393, 394 (Bankr.N.D.Ill.1994); *In re Alderman,* 150 B.R. 246, 251 (Bankr.D.Mont.1993); *In re Wells,* 125 B.R. 297, 300 (Bankr.D.Colo. 1991); *In re Thomas,* 91 B.R. 117, 121 n. 9 (Bankr.N.D.Ala.1988), *aff'd on other grounds,* 883 F.2d 991 (11th Cir.1989). The filing of a claim is a prerequisite to its allowance. *In re Simmons,* 765 F.2d 547, 551 (5th Cir.1985); *see also In re Schaffer, supra.* The Fifth Circuit added in *Simmons* that a proof of claim "might also be required by a request for a determination of the secured status of a claim under section 506 and allowance or disallowance under section 502." *Simmons, supra.*

This division of the Western District of Texas (as well as the San Antonio Division) uses "early confirmation," a procedure by which plans are confirmed well before the bar date for claims. Ancillary procedures honed over many years of experience with tens of thousands of cases have resolved most of the problems that early confirmation might otherwise raise. One such ancillary procedure is the use of a trustee's "recommendation concerning claims." The trustee does not actually commence making distributions to creditors upon confirmation. Instead, she awaits the bar date for claims, then reviews the claims file. She then prepares a report and sends out her recommendation that the claims be "allowed" as set forth in her report, *i.e.,* that she have court authorization to make distributions in accordance with the report. Once the recommendation is accepted, the trustee is then free to make distributions over the remainder of the case.[1] This system protects the trustee from liability to creditors by assuring that each creditor is paid the proper amount. It also comports with Rule 3021.

Until recently, secured creditors have simply presumed that the bar date for filing claims (and the subsequent recommendation concerning claims procedure) applies to them. Any claims that came in after the bar date were simply not allowed, in accordance with the provisions of the court's Order Concerning Claims, even if the claim was se-

cured. In recent years, however, courts have struggled with the propriety of applying a bar date to late claims in the chapter 13 context. *See In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992) *(en banc); In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich. 1993). This court sided with *Zimmerman,* holding in essence that untimely claims could be barred in the chapter 13 context. *In re Friesenhahn,* 169 B.R. 615, 634–35 (Bankr. W.D.Tex.1994). In 1994, Congress settled the matter by passing new section 502(b)(9), which expressly permits disallowance of claims for being untimely, overruling *Hausladen.* 11 U.S.C. § 502(b)(9); *see* H.REP. No. 834, 103d Cong., 2d Sess. 25–26 (1994).

The new law created renewed interest in bar dates, in particular the noticeable exclusion of secured creditors from the bar date requirements of Rule 3002. Nonetheless, the new statute does presume a "timeliness" feature, without distinguishing between secured or unsecured claims, and applies of course in chapter 13 cases. *See* 11 U.S.C. § 103(a). There must, therefore, be some "test" for the timeliness of secured claims in chapter 13 cases, though the statute offers no guidance on where to look. The new statute does refer to section 726, but that reference offers scant assistance in the chapter 13 context. In a chapter 7 case, a trustee is presumed to have disposed of all secured claims pursuant to section 725 (either by selling or returning the secured creditor's collateral), before ever reaching the distribution issue. Section 726 (including its discussion of tardily filed and timely filed claims) applies only to various kinds of *unsecured* claims. In a chapter 13 case, by contrast, the trustee is usually making distributions to both unsecured and *secured* creditors.

The trustee fears a system in which there is no time bar for secured creditors in which to file claims. Without a bar date, a secured creditor could file a claim literally at any point in the case—even years into the plan distribution process. Once such a claim is filed, it is of course deemed allowed unless an objection is filed and sustained. *See* 11

---

**1.** Typically, plans will provide that unsecured creditors will be paid whatever percentage results from application of the plan payments to

the total of unsecured claims ultimately filed. The recommendation concerning claims thus serves as an integral part of the plan process.

U.S.C. § 502(a). If the trustee cannot object on grounds of timeliness, she will be faced with an *allowed claim* which she might justifiably believe must be honored according to its tenor. If the claim as filed requires payment at variance with the terms of the plan, what must she do? Is she obligated to seek modification of the plan?[2] Must she seek dismissal of the case?[3] What is more, the later in the case such a filing occurs, the more substantial the damage to the case and the greater the danger of liability for the trustee. Trustees need bar dates for certainty of administration and to avoid such conflicts. *See Friesenhahn, supra* at 633. Yet the rules provide no such bar dates for secured creditors, and the statute is silent regarding the source for determining the timeliness of secured claims.

Clearly, secured creditors are concerned that they not lose the ability to "ride through" a bankruptcy without having to file a claim, a right they are guaranteed in section 501. *See* 11 U.S.C. § 501. Just as clearly, debtors will want to deal with secured creditors in their plans, lest they risk losing their collateral in a subsequent lift stay action.[4] Trustees will most certainly want to avoid liability for making improper distributions, a scenario that is entirely possible were secured creditors permitted to simply file proofs of claim at any point in the process, varying the amount which they are actually entitled to receive. The very fact that secured claims cannot receive distributions unless they are filed, and once filed can

be disallowed if untimely, strongly suggests that some sort of bar date must apply to secured claims.

■ A creditor who elects not to file a claim elects also not to be paid under a plan. The debtor or the trustee may, under Rule 3004, elect to file a claim for the creditor if the claim is not timely filed (an issue we will confront more directly in just a moment). In that event, the creditor may choose to file its own claim, within the time limits set out in that rule, if it differs with the claim filed on its behalf. This structure confirms that a secured creditor's claim must, one way or another, be filed by a time certain.[5] Moreover, once that "time certain" is determined, any claim filed after that date may be disallowed as untimely under section 502(b)(9).

## A MODEST PROPOSAL

■ It remains to determine what "timely" should mean when we apply section 502(b)(9) in the context of secured claims in chapter 13 cases. Congress has left it to the courts to invest terms found in the Bankruptcy Code with meaning in those situations in which the bankruptcy rules are silent. This is one of those situations. The rules provide no bar date for secured claims. The statute itself gives no guidance regarding what "timely" means in the context of secured claims, especially in the chapter 13 context. But the function of the timeliness requirement is to aid in the orderly and efficient administration of bankruptcy cases. In the chapter 13 context, the trustee cannot per-

---

2. Secured creditors do not have standing to seek modification of plans. *See* 11 U.S.C. § 1329. Trustees have standing, but certainly have no specific duty to any particular creditor to seek modification on their behalf. A trustee might nonetheless request modification to avoid inconsistencies between the plan and the allowed filed claim (and to avoid potential liability for permitting those inconsistencies to persist).

3. One can see the beginnings of real mischief here. If the rule were that the trustee in receipt of a filed claim from a secured creditor, filed late in the case, were obligated to dismiss upon the receipt of such a claim to the extent that it varied from the terms of the plan, then secured creditors would happily employ such filings expressly to trigger dismissals.

4. If the plan makes no provision for the secured creditor, and the plan fails to revest the property

in the debtor upon confirmation (*i.e.,* keeps all property in the estate for the duration of the case), then the secured creditor could be subject to the automatic stay for years, without payment. Such a creditor could justifiably maintain that it is not "adequately protected." 11 U.S.C. § 362(d)(1).

5. It also confirms that a secured creditor cannot simply absent itself from the bankruptcy process in chapter 13, then hope to obtain easy relief from the automatic stay after confirmation. Such a creditor could hardly maintain that cause existed for relief from stay where the debtor had made provision for the creditor in the plan and only the creditor's refusal to file a claim prevented it from receiving the adequate protection that had been offered.

form her task of distribution in an orderly and efficient manner unless and until she knows with a certainty which creditors are entitled to receive how much money. That need is especially critical when it comes to secured claims. Thus, "timely," as applied to the filing of secured claims in a chapter 13 case, ought to be a date prior to the commencement of distribution of payments. Distribution normally occurs some thirty days after the trustee's recommendation concerning claims has been filed (unless there are objections filed). And the trustee's recommendation is in turn keyed to the deadline currently fixed in the Order and Notice Regarding First Meeting of Creditors for the filing of unsecured claims. The court sees no reason why the same deadline ought not to apply to secured claims, and accordingly holds that the deadline for filing secured claims in this division shall be the same as the deadline for filing unsecured claims, as set out in the Order and Notice Regarding First Meeting of Creditors.[6] This firm bar date will assure the trustee that, by a date certain, she can make distributions to a secured creditor in accordance with the claim as ultimately allowed.[7] The rule removes uncertainty and ameliorates the risk of liability on the part of the trustee to the creditor.

■ If a secured claim is untimely filed, the trustee is entitled (perhaps even obligated) to object to its filing as untimely. Such disallowed claims will not be entitled to any distribution under the plan, nor will the creditor's failure to timely file permit the debtor to later argue a lack of adequate protection. *See* note 5, *supra.*

Which brings us to the motion at hand. The creditor complains that it should not have to go through this indignity. The foregoing holding confirms that the creditor in fact *does* have to file a claim if it wishes to receive distribution under the plan. Moreover, it must file by a date certain, or face disallowance of its claim. Here, the creditor missed the bar date, and the trustee has indicated her intention to seek disallowance of the claim on grounds of untimeliness.

■ May the secured creditor seek to file a claim late, after the bar date has run? Rule 3004 provides the answer. Only the trustee or the debtor have standing to a claim for a creditor who fails to file, and only the debtor or trustee have the ability to extend this time limit. *See* FED.R.BANKR.P., Rules 3002, 3003, 3004 (Clark, Boardman, Callaghan 1995–96 ed.). The secured creditor lacks standing to make such a request.

■ In this particular case, however, equity must intervene. Until this decision was rendered, the law in this area was unsettled, and this court had not ruled regarding the meaning of "timely" as that term is used in new section 502(b)(9). Thus, the creditor could not have known for certain that it would in fact have had to have filed a proof of claim by the deadline determined by this decision. It cannot, under the circumstances, be penalized for being late. Thus, the motion to allow late claim will, in this case, be granted, though with the cautionary note that, with the entry of this decision, any further such requests would have to be denied (save and except for those rare circumstances in which due process concerns intervene).

So **ORDERED.**

■

---

6. Interestingly enough, the Fifth Circuit presumed that the bar date for filing unsecured claims set out in Rule 3002 ought to apply as well to secured claims. *See Matter of Simmons,* 765 F.2d, at 551. That is the same date as the date the court here adopts in this decision.

7. Actually, a trustee cannot vary from the terms of a confirmed plan. If the trustee receives a claim at variance with the provisions of the plan, the trustee can (and in this division routinely does) move to modify the plan to account for the claim as filed (or as ultimately allowed, if it draws an objection). This keeps the trustee from being caught in a Hobson's choice.