**In the Matter of Coy BALDRIDGE, Marta Baldridge, Debtors.**

**Bankruptcy No. 97–12947.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

March 22, 1999.

Donald Aikman, Fort Wayne, IN.

Loraine Troyer, Goshen, IN, for debtor.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

There is just no good substitute for filing a proof of claim. By comparison to that clear and relatively simple demonstration that a pre-petition creditor should share in a distribution by the bankruptcy trustee, all arguments for some type of effective alternative finish, if at all, a distant second. *See e.g., In re DeVries Grain & Fertilizer, Inc.,* 12 F.3d 101 (7th Cir. 1993) (creditor's pre-conversion request for payment of administrative expense could not be treated as a proper substitute for a proof of claim); *In re Johns–Manville Corp.,* 53 B.R. 346, 354 (Bankr.S.D.N.Y. 1985) (the only appropriate way to assert a pre-petition claim against a bankruptcy estate is through a proof of claim; a creditor may not do so through an adversary proceeding). This case requires the court to consider one of those alternatives.

Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. Leader Mortgage ("Leader") holds the mortgage upon their home. The confirmed plan specifically provides that Leader is to receive the regular monthly mortgage payments, in the sum of $310.29 each, together with payments on account of a default in the sum of $1,862.00, through the trustee. Unfortunately, Leader never filed a proof of claim and no one filed a claim on its behalf. Accordingly, the debtors filed a motion to construe plan as claim, by which they have asked the court to construe their plan as a proof of claim filed on Leader's behalf. Doing so would allow Leader to receive the payments the plan allocates to it, so that, upon completion of the plan, debtors will be

current in their mortgage. In addition to the equitable reasons for doing so, in support of their request debtors also argue that, since secured creditors are not required to file claims and because the Chapter 13 trustee is required to make payments to creditors in accordance with the plan, the binding nature of a confirmed plan eliminates the need for a proof claim on account of Leader's mortgage.

Although the arguments debtors advance have long been the subject of debate, their position is not without support, *see e.g., In re Rome,* 162 B.R. 872, 875 (Bankr.D.Col.1993); *In re Dennis,* 230 B.R. 244 (Bankr.N.J.1999), and, until recently, the court would have been inclined to accept it. Given the specificity with which the confirmed plan identifies the mortgage debt, the lender, the amount of the regular monthly payment, the arrearage and the rate of interest with which it is to be paid, what additional information could a trustee possibly need in order to make a distribution to the mortgage holder? All creditors and parties in interest were served with a copy of the plan, along with the notice concerning the deadline for filing objections to its confirmation. Now that it has been confirmed, what possible harm could come from going ahead with the distribution of payments that everyone was told were going to be made? Unfortunately, debtors' motion was filed several months after the Seventh Circuit's decision in *Matter of Greenig,* 152 F.3d 631 (7th Cir.1998), and that decision compels a different conclusion.

*Greenig* presented circumstances and arguments very similar to those now before this court. Debtors had proposed a plan which specifically provided that United Feeds, Inc. had an allowed claim, in the sum of $126,766.43, which would receive a fixed percentage of the amount due, according to a schedule of payments that accompanied the plan. This plan was confirmed without objection and, in reliance upon it, United Feeds did not file a proof of claim within the time required. When it did not receive the required payments, it asked the bankruptcy court for permission to file a late claim, so that it could receive precisely what the plan had promised it. 152 F.3d at 632. Over debtors' objection that the claim was late, the bankruptcy court granted the motion and they appealed. On appeal, in the face of § 502(b)(9), the creditor's arguments concerning the equities of the case and the binding effect of a confirmed plan fell upon deaf ears. The Seventh Circuit held that neither equitable circumstances nor the provisions of a confirmed plan could circumvent the need for filing a timely proof of claim. 152 F.3d at 636. If a confirmed plan is not a substitute for a timely proof of claim, it certainly can not take the place of one which has yet to be filed. *See also,* 2 Keith M. Lundin, Chapter 13 Bankruptcy § 7.22 (2d. ed.1994) (a specific plan provision for the treatment of a creditor is not an adequate substitute for the filing of a claim).

The debtors try to distinguish *Greenig* by noting that United Feeds was an unsecured creditor, while the creditor in this case holds a lien upon their home. They note that secured creditors are not required to file a proof of claim and, therefore, conclude that secured claims may be paid under a confirmed plan, even when no proof of claim has been filed. Yet, the binding nature of a confirmed plan is the same for all parties—debtors and creditors, 11 U.S.C. § 1327(a), whether secured or unsecured—and if a specific provision in a debtor's confirmed plan, giving a particular creditor an allowed claim, to be paid a stated sum upon a particular schedule, is not sufficient to permit an unsecured creditor to receive that distribution, unless it also has an allowed proof of claim, there is no reason that a similar provision addressing a secured creditor should suffice, unless it too filed a proof of claim.

While debtors are correct when they point out that secured creditors are not required to file a proof of claim, the same

is also true of unsecured creditors. No one is ever required to file a proof of claim in any bankruptcy proceeding; it is just that not doing so has consequences. For unsecured creditors, one of these consequences is stated in Bankruptcy Rule 3002(a)—the unsecured creditor must file a proof of claim for that claim to be allowed. The Bankruptcy Rules do not state a specific consequence for a secured creditor's failure to file a proof of claim and it is generally said that, after the bankruptcy, they may look to their collateral for satisfaction of the secured claim. *See In re Tarnow,* 749 F.2d 464 (7th Cir. 1984); *In re Schaffer,* 173 B.R. 393, 395 (Bankr.N.D.Ill.1994). Nonetheless, it is one thing to say that secured creditors are not required to participate in the bankruptcy, need not file a proof of a claim and, after the bankruptcy is over, look to their collateral. It is quite another matter, however, to say that they may receive a distribution under a confirmed Chapter 13 plan without a claim having been filed. *See,* Fed.R.Bankr.P. Rule 3021 ("After confirmation of a plan, distribution shall be made to creditors whose claims have been *allowed* ...") (emphasis added); *In re Macias,* 195 B.R. 659, 660–61 (Bankr. W.D.Tex.1996); *In re Van Hierden,* 87 B.R. 563, 564 (Bankr.E.D.Wis.1988).

Before a creditor can have a secured claim, it must first have an allowed claim, 11 U.S.C § 506(a) ("an allowed claim ... secured by a lien ... is a secured claim...."), and the first step to having an allowed claim is to file a proof of claim. 11 U.S.C. § 502(a). *See also,* 1 Robert E. Ginsberg & Robert D. Martin, Ginsberg & Martin on Bankruptcy § 10.08[N] (4th ed.1998), p. 10–58 ("The question of the value of the collateral is only reached after the first two hurdles, the validity of the underlying claim and the validity of the lien or security interest, have been passed.").

There is no provision of the Code for the allowance of a *secured* claim when no proof of claim has been filed by the claim holder (or by some other party on behalf of the claim holder). The Code is [so] constructed that no claim holder— secured or unsecured—can have an allowed claim if a proof of claim has not been filed. Lundin, § 7.18, p. 7–21 (emphasis original).

Consequently, the majority of the courts that have considered the issue have concluded that, in order to receive a distribution under a confirmed Chapter 13 plan, even secured creditors must first file a proof of claim or have one filed on their behalf. *See e.g., Macias,* 195 B.R. 659; *Schaffer,* 173 B.R. 393; *In re Alderman,* 150 B.R. 246 (Bankr.D.Mont.1993); *In re Wells,* 125 B.R. 297 (Bankr.D.Colo.1991); *Van Hierden,* 87 B.R. 563. *Contra, In re Babbin,* 160 B.R. 848 (D.Colo.1993); *In re Robert,* 171 B.R. 881 (Bankr.N.D.Cal. 1994); *Rome,* 162 B.R. 872.

If Leader Mortgage is to receive a distribution under debtors' confirmed Chapter 13 plan, either it or someone acting on its behalf must file a proof of claim.[1] Debtors' plan is not an effective substitute and their motion to construe the plan as a claim will be denied. An order doing so will be entered.

---

**1.** Pursuant to 11 U.S.C. § 502(a), once a proof of claim has been filed, the claim is deemed allowed, unless objected to.