**In re John David BOUCEK, Cheryl Elaine Boucek, Debtors.**

**No. 01–41419.**

United States Bankruptcy Court, D. Kansas.

July 16, 2002.

David R. Klaassen, Marquette, KS, for debtor.

## MEMORANDUM OPINION AND ORDER

ROBERT E. NUGENT, Bankruptcy Judge.

This is a claim dispute between a secured creditor, The Bank of Tescott ("Bank") and an unsecured creditor, Delphos Cooperative ("Coop") in a Chapter 12 setting. The Coop objects to the Bank's proof of claim and to confirmation of the debtors' First Amended Chapter 12 Plan of Reorganization Dated November 13, 2001, due to the plan provisions concerning the Bank's secured claim. The primary issue before this Court is whether the Bank is entitled to participate in distributions under the debtors' plan where it has not timely filed a proof of claim. This Court must reach the claim issue before dealing with the debtors' plan of reorganization. A secondary issue is whether the Bank's untimely proof of claim is saved by the informal proof of claim doctrine.

This matter requires the Court to analyze and reconcile the apparent conflict between 11 U.S.C. § 501 and § 502 and Fed.R.Bankr.P. 3002(a) concerning the filing of proofs of claims.[1] The parties have submitted their briefs in accordance with the Court's scheduling minute order. The Court has taken the matter under advisement and is now prepared to rule. For the reasons set forth below, the Court sustains the Coop's objection and disallows the Bank's secured claim.

### FACTUAL BACKGROUND

The debtors filed for bankruptcy relief under chapter 12 on May 31, 2001. The Bank was listed as a secured creditor and the Coop was listed as an unsecured creditor on the debtors' schedules. Pursuant to Fed.R.Bankr.P. 3002(c), September 27, 2001 was the bar date for filing proofs of claims. This date was noticed to all scheduled creditors. After obtaining an extension of time, the debtors filed their pro-

---

1. All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq. unless otherwise specified.

posed Chapter 12 Plan of Reorganization on October 17, 2001 ("Plan"). On November 19, 2001, the debtors filed their First Amended Chapter 12 Plan of Reorganization ("Amended Plan").

On September 17, 2001, prior to the expiration of the bar date, counsel for the Bank filed a notice of appearance and request for service. On the same date, *debtors* filed a motion to obtain post-petition secured credit up to $15,000 from the Bank to finance farming operations. Pursuant to an agreed order entered on the same date, the Court preliminarily granted the debtors' motion.

Under the Amended Plan, the debtors proposed to treat the Bank as the holder of an allowed secured claim.[2] The Bank filed written objections to the Plan and the Amended Plan on November 15, 2001 and November 23, 2001, respectively. On November 30, 2001, the Bank filed a motion for adequate protection, or in the alternative, for relief from the stay. On December 3, 2001, the Bank filed its proof of claim in the amount of $408,185.57.[3]

The Coop likewise filed written objections to the Plan and the Amended Plan on November 6, 2001 and December 6, 2001. In both Coop filings, the Coop objected to the Bank's participation in the debtors' plans of reorganization due to the Bank's failure to timely file a proof of claim. The Coop argues that the Bank cannot have an allowed secured claim where it has not timely filed its proof of claim. On April 19, 2002, the Coop filed an objection to the Bank's proof of claim on the basis of untimeliness. The Coop's objection is sustained and the Bank's claim is disallowed.

**2.** *See* Amended Plan, Article VII, pp. 5–6, Exhibit "D" to Amended Plan.

**3.** The Coop filed its proof of claim in the amount of $61,667.71 on June 29, 2001.

## ANALYSIS

### Informal Proof of Claim Doctrine

The Bank contends that its untimely proof of claim is saved by the informal proof of claim doctrine recognized in this Circuit. Because a determination of this issue may dispose of the remaining issues in this matter, the Court will first address the informal proof of claim doctrine.

At the outset, the applicability of the doctrine in a Chapter 12 case has not been established in this district. Another bankruptcy court in this District has held that the informal claim doctrine, while available in a Chapter 11 case, does not operate in Chapter 12 cases.[4]

Even if this Court assumes, without deciding, that the doctrine applies in this Chapter 12 case, the Bank has not satisfied the requirements for application of the informal proof of claim doctrine. The leading Tenth Circuit case recognizing the informal proof of claim doctrine and the requirements for the doctrine's application is *In re Reliance Equities, Inc.*, 966 F.2d 1338 (10th Cir.1992). There is a five-prong test for establishing an informal proof of claim.

1. the proof of claim must be in writing;

2. the writing must contain a demand by the creditor on the debtor's estate;

3. the writing must express an intent to hold the debtor liable for the debt;

4. the proof of claim must be filed with the Bankruptcy Court; and

**4.** *In re Drebes,* 182 B.R. 873, 874 (Bankr. D.Kan.1995) (debtors attached schedules to their plan showing the creditor's priority unsecured claim; Fed.R.Bankr.P. 3002 mandates that proofs of claim "shall" be filed in Chapter 12 cases within 90 days after the first date set for the meeting of creditors).

5. based on the facts of the case, it would be equitable to allow the amendment.

*Id.* at 1345.[5]

A review of the Bank's involvement in the bankruptcy case prior to the bar date demonstrates that the Bank has wholly failed to satisfy the requirements for an informal claim. The only "writings" filed by the Bank were the notice of appearance and request for service filed by the Bank's counsel and the Bank's approval of the agreed order concerning the *debtors'* request for postpetition financing. Neither document contains a demand by the Bank on the debtors' estate or expresses an intent to hold the debtors liable for the debt. Prior to the claim bar date, the only reference to the Bank's claim is found in the debtors' schedules and plan. This is inadequate.[6]

Accordingly, the Court concludes that the Bank has failed to meet the requirements for an informal proof of claim. The Bank's untimely proof of claim is therefore not saved by the informal claim doctrine.

■ The Bank further appears to make an argument of "excusable neglect." The Bank notes that the debtors' Plan and Amended Plan were both submitted *after* the bar date. The Bank suggests that it was waiting to see how its claim would be treated under the debtors' plan of reorga-

nization before deciding whether it needed to file a proof of claim to protect its lien. The short answer to this argument is that there is no excusable neglect exception to the claim filing deadline in a Chapter 12 case.[7]

Moreover, the Bank could have easily protected itself from a later-filed plan of reorganization. The Bank had notice of the debtors' bankruptcy and was listed as a secured creditor on the debtors' schedules.[8] The Bank further had notice of, and did not object to the debtors' request for an extension of time to file their plan of reorganization. The debtors' request was filed thirty days prior to the bar date. The order extending the date for filing the debtors' plan was entered September 4, 2001, well in advance of the bar date. Thus, the Bank knew in early September that it was unlikely the debtors' plan would be filed prior to the bar date. The Bank's counsel even entered his appearance several days before the bar date. Given the amount of its claim, as the bar date approached and the debtors had not filed their plan of reorganization, it would have been an easy task for the Bank to complete and file a proof of claim form, if for no other reason than as a precautionary measure. Finally, the debtors could have filed a proof of claim for the Bank and avoided this controversy altogether.[9]

---

5. *See also, In re Sunwest Hotel Corp.,* 1998 WL 982905 at *10 (D.Kan.1998) (The informal claim doctrine is an equitable principle developed by courts to alleviate the harsh results of strict enforcement of the bar date).

6. *See In re Crawford,* 135 B.R. 128, 132 (D.Kan.1991) (the scheduling of debt does not constitute the filing of claims, whether formal or informal); *In re Rome,* 162 B.R. 872 (Bankr.D.Colo.1993) (Chapter 13 plan cannot constitute informal proof of claim).

7. *See Jones v. Arross,* 9 F.3d 79, 81 (10th Cir.1993) (Despite recognition of the harsh-

ness of the result, the Tenth Circuit Court of Appeals held that a creditor was not excused from filing timely proof of claim where creditor had not been listed on Chapter 12 debtor's schedules and creditor was not notified of the bankruptcy).

8. *In re Carrillo,* 215 B.R. 212 (Bankr. N.D.Okla.1997) (when creditor receives notice about bankruptcy proceeding, creditor is under inquiry notice that its claim may be affected).

9. *See* § 501(c); Fed.R.Bankr.P. 3004.

### The Proof of Claim Requirement for an Allowed Claim

■ Having concluded that the informal claim doctrine is inapplicable, the Court next considers the Bank's argument that, as a secured creditor, it is not required to file a proof of claim in order for it to have an allowed claim and participate in the debtors' plan of reorganization.

This issue requires the Court to analyze several Code provisions and rules pertaining to the filing of claims and reconcile an apparent conflict between the Code and Fed.R.Bankr.P. 3002. The Bank relies on a negative implication from Fed. R.Bankr.P. 3002(a). Rule 3002(a) states:

> An *unsecured* creditor or an equity security holder *must file* a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005. [Emphasis added].

None of the exceptions listed in Rule 3002(a) are applicable in this case. The Bank reasons that since *secured* creditors are not mentioned in Rule 3002(a), secured creditors are not required to file a proof of claim in order to have an allowed claim and participate in the debtors' plan of reorganization.

■ The time limit for filing a proof of claim is contained in Rule 3002(c). There is no distinction made between secured creditors and unsecured creditors. Nor does subsection (c) refer back to subsection (a) or otherwise limit the time requirements to proofs of claims filed pursuant to subsection (a). Thus, the time requirements govern *every* proof of claim in a Chapter 12 case. This time limit for a

proof of claim functions as a statute of limitations.[10]

The relevant Code provisions pertaining to Chapter 12 creditors and claims are governed by chapter 5 of the Code.[11] Under § 501(a) a creditor *may* file a proof of claim. By its terms, it is permissive. However, in order to be an *allowed claim*, § 502 requires the timely filing of a proof of claim. Section 502(a) states:

> A claim ..., proof of which is filed under section 501 of this title, is *deemed allowed*, unless a party in interest ... objects.

The proof of claim is prima facie evidence of the validity and amount of claim.[12] Section 502(b)(9) further requires that a claim be disallowed if it is not timely filed:

> Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ..., *and shall allow such claim in such amount, except to the extent that—*
>
> \*    \*    \*    \*    \*    \*
>
> (9) *proof of such claim is not timely filed,* except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure ...

Thus, § 502(b)(9) clearly conditions allowance of a claim on the timely filing of a proof of claim. Under the Bank's view, the negative implication drawn from Rule 3002(a) trumps the express provisions of § 502(b)(9). The Court cannot agree.

Additional Code provisions speak to the proof of claim requirement in order to

---

10. *See In re Nohle,* 93 B.R. 13, 15 (Bankr. N.D.N.Y.1988) (Fed.R.Bankr.P. 3002(c) operates as statute of limitation).

11. *See* § 103(a).

12. *See In re Harrison,* 987 F.2d 677, 680 (10th Cir.1993).

have an "allowed" claim. Section 506(d) provides, in relevant part:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, *unless*—... (2) such claim is not an allowed secured claim *due only to the failure of any entity to file a proof of such claim* under section 501 of this title. [Emphasis supplied].

While a creditor does not lose its lien by failing to file a timely proof of claim under § 506(d), the creditor is denied an allowed secured claim and is deprived of the right to participate in plan distributions.

The Court's conclusions are further buttressed by the Code provisions and rules pertaining to confirmation of plans and distributions under a plan of reorganization. Both the Code and the rules consistently refer to allowed claims. Fed. R.Bankr.P. 3021 addresses distribution under a plan of reorganization. Rule 3021 provides:

> Except as provided in Rule 3020(e) [automatic 10–day stay of confirmation order], after a plan is confirmed, distribution shall be made to *creditors whose claims have been allowed* ... For purposes of this rule, creditors include holders of bonds, debentures, notes, and other debt securities ... [Emphasis added].

Similarly, Section 1225(a)(5) addresses required treatment of "allowed secured claims" in plans in order for a plan to be confirmed.

Except as provided in subsection (b), the court shall confirm a plan if—... (5) *with respect to each allowed secured claim* provided for by the plan—... [Emphasis supplied].

Section 1226(a) provides that upon confirmation of the plan, the trustee shall distribute plan payments in accordance with the plan.

Based upon this Court's review of the above provisions and statutory scheme, namely § 502(b)(9), § 506(d) and Rule 3002(c), the Court concludes that the timely filing of a proof of claim is required in a Chapter 12 case in order for the creditor to hold an allowed secured claim.

The Court further agrees with the Coop that in the absence of a timely proof of claim, a secured creditor does not have an allowed claim and is not entitled to receive distributions or participate in the debtors' plan of reorganization.[13] While there is some contrary authority, the Court notes that, in the Chapter 13 setting, there is ample case law support for the Coop's position and believes that the cases disallowing untimely claims are the better-reasoned authority.[14]

In so ruling, the Court recognizes and rejects the line of cases holding that a secured creditor is *not* required to file a timely claim in order to receive plan distributions.[15] Congress's 1994 enactment of § 502(b)(9) which became effective on October 22, 1994, overruled *In re Hausladen, supra.*[16] This subsection explicitly disal-

---

**13.** *See* Fed.R.Bankr.P. 3021.

**14.** The Court views the Chapter 13 cases as persuasive authority due to the fact that Chapter 12 was modeled after Chapter 13 and many of its provisions are nearly identical to those found in Chapter 13.

**15.** *See e.g., In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992) *(en banc); In re Rome,* 162 B.R. 872, 875 (Bankr.D.Colo.1993) (but

not embracing the holding of *Hausladen*); *In re Babbin,* 164 B.R. 157 (Bankr.D.Colo.1994) (following *In re Hausladen* but decided February 7, 1994, prior to amendment of § 502(b)).

**16.** *See In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993) *(en banc)* for a discussion criticizing the *Hausladen* decision and the interplay between §§ 501 and 502 and Rule 3002.

lows untimely claims.[17] Since the 1994 amendment, the clear majority of authorities addressing this issue have held that an untimely claim is disallowed and the holder is not entitled to payments under the plan of reorganization.[18]

The Court concludes that in order for the Bank to have its claim allowed and to receive distributions under the debtors' Amended Plan, the Bank should have filed a proof of claim. Having failed to do so, the Bank is not entitled to participate in distributions under the debtors' Amended Plan, should it be confirmed. Accordingly, the Coop's objection to the Bank's claim is sustained.

The Court makes one final comment. The Bank may well be denied adequate protection if the debtors are permitted to hold the Bank's collateral "hostage" over the life of the plan. This may be resolved in the context of the Bank's motion for stay relief. But, the Bank's failure to file its claim, standing alone, is unlikely to support a finding of lack of adequate protection. Nevertheless, should the Bank's motion be granted, the Court recognizes that the debtors will be unable to successfully reorganize. This, of course, may result in unsecured creditors like the Coop receiving far less in a Chapter 7 liquidation than they would in a Chapter 12 reorganization. Despite these "practicalities" (which all of the parties would do well to consider), the Court believes that § 502(b)(9), Rule 3002(c) and Rule 3021 dictate this result.

**IT IS SO ORDERED.**

---

**17.** *See In re Dennis,* 230 B.R. 244, 248–49 (Bankr.D.N.J.1999); *In re Macias,* 195 B.R. 659, 661 (Bankr.W.D.Tex.1996).

**18.** *See e.g., In re Macias, supra* (Secured creditor who elects not to file proof of claim thereby elects not to be paid under debtor's plan); *In re Carrillo,* 215 B.R. 212 (Bankr. N.D.Okla.1997) (granting objection to creditor's untimely priority claim for employment taxes); *In re Dennis, supra; In re Baldridge,* 232 B.R. 394 (Bankr.N.D.Ind.1999) (Even secured creditor, who does not have to participate in bankruptcy but may look to collateral for payment, must file proof of claim in order to receive distribution under confirmed chapter 13 plan); *In re Hudson,* 260 B.R. 421, 431 (Bankr.W.D.Mich.2001) (To receive payment under confirmed plan, the secured creditor must hold an allowed claim; to hold an allowed claim a proof of claim must be filed); *In re Michels,* 270 B.R. 737 (Bankr.N.D.Iowa 2001); *In re Kelley,* 259 B.R. 580 (Bankr. E.D.Tex.2001).