IN the MATTER OF: James Richard JONES, II, Amy Joe Jones, Debtors

CASE NO. 15-11460

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Signed August 5, 2016

John Thomas Sees, Marion, IN, for Debtors.

## DECISION ON MOTION FOR RELIEF FROM STAY

Robert E. Grant, Chief Judge, United States Bankruptcy Court

Nearly twenty years ago this court said: "No one is ever required to file a proof of claim in any bankruptcy proceeding; it is just that not doing so has consequences." In re Baldridge, 232 B.R. 394, 396 (Bankr.N.D.Ind.1999). See also, In re Matteson, 535 B.R. 156, 163 (6th Cir. BAP 2015). That statement is as true today as it was then. By not filing a proof of claim, the Grant County State Bank is discovering what those consequences are.

In a chapter 13 case such as this, if a secured creditor does not file a proof of claim it will not receive any payment on its claim and, once the plan has been successfully completed, the claim will be discharged; meanwhile, the debtors may retain the collateral and the creditor must wait until the case is over before it can pursue its lien rights, in rem.

■ Debtors filed a petition for relief under chapter 13 and the court eventually confirmed a plan. The plan proposed to pay the bank $8,000, plus interest, in monthly installments of $202.78, on account of its lien against their motor vehicle. Although it received appropriate notice of the bankruptcy and the various deadlines in the case, the bank did not object to confirmation and it did not file a proof of claim. After the plan was confirmed, it contacted the trustee and asked when it would begin receiving the payments called for by the plan, but was told it had not filed a claim and the deadline for doing so had passed. Three months later, still with no claim on file, the trustee filed a motion for post confirmation modification to take the funds the plan had allocated to the bank's secured claim and distribute them to unsecured creditors, paying the bank nothing.[1] Once again, the bank did not object and the modification was approved. Instead, the bank filed a motion for relief from stay or adequate protection. The basis for the motion is that it is not receiving any payments. But, given that no distribution can be made to a creditor who does not have an allowed claim and to have an allowed claim one must first file a proof of claim, In re Pajian, 785 F.3d 1161, 1163 (7th Cir.2015); In re Boucek, 280 B.R. 533,

538 (Bankr.D.Kan.2002); In re Baldridge, 232 B.R. 394, 396 (Bankr.N.D.Ind.1999), it should come as no surprise that the bank is not receiving anything. Both the trustee and the debtors have objected to the motion and the issues it presents have been submitted on stipulations of fact and briefs of counsel.

■ The bank is complaining about a self-inflicted wound. See, In re Humphrey, 309 B.R. 777, 781 (Bankr.W.D.Mo.2004) ("The reason Movant is not adequately protected is that it is not receiving payments. The reason Movant is not receiving payments is that it failed to file a timely claim.").

[A] secured creditor cannot simply absent itself from the bankruptcy process in chapter 13, then hope to obtain easy relief from the automatic stay after confirmation. Such a creditor could hardly maintain that cause existed for relief from stay where the debtor had made provision for the creditor in the plan and only the creditor's refusal to file a claim prevented it from receiving the adequate protection that had been offered. In re Macias, 195 B.R. 659, 662 n. 5 (Bankr.W.D.Texas 1996).

"Granting post confirmation relief from the stay based upon a creditor's choice to forgo distributions under a plan is a dangerous distortion of the Code." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th ed., § 242.1 at ¶ 18, Sec. Rev. June 30, 2004, www.Ch13online.com.

The debtors provided for the bank in their plan. All it had to do to receive what had been allocated to it was to file a claim.

---

1. "In order to receive a distribution under a confirmed Chapter 13 plan, even secured creditors must first file a proof of claim or have one filed on their behalf." Baldridge, 232 B.R. at 396. So, in the absence of a proof of claim, the trustee would not be able to distribute the money earmarked for payment of the bank's secured claim, and it would just sit there. Accordingly, a post confirmation modification was required in order to do something with those funds.

But, for whatever reason, it sat back and did nothing. While the bank has every right not to participate in the bankruptcy, it should not be permitted to ignore the debtors' ready, willing and able proposal to pay it, and then come in demanding its collateral. See, Humphrey, 309 B.R. at 782. Although the Bank argues that if it is not paid or allowed to proceed against the collateral, it will suffer a penalty equal to the "complete loss of the value of its lien," Brief in Support of Motion, pg. 8, it has no one but itself to blame for being in that position. See, In re Outboard Marine Corp., 386 F.3d 824, 828 (7th Cir.2004). There is no cause to relieve the bank of the automatic stay.[2] Accord, Humphrey, 309 B.R. at 781–82; In re Clark, 38 B.R. 683 (Bankr.E.D.Pa.1984). See also, Macias, 195 B.R. at 662 n. 5; In re Schaffer, 173 B.R. 393, 395 (Bankr.N.D.Ill.1994) (cause for relief from stay would not likely flow from an omission by the party seeking relief).

The failure to file a claim does not destroy or eliminate a creditor's interest in property of the estate. Long v. Bullard, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886). Liens pass through bankruptcy unaffected, unless specifically acted upon by the bankruptcy court, and may be enforced in rem after the debtor has been discharged. See, Matter of Penrod, 50 F.3d 459, 461 (7th Cir.1995); In re Tarnow, 749 F.2d 464 (7th Cir.1984); In re Simmons, 765 F.2d 547 (5th Cir.1985). See also, In re Pajian, 785 F.3d 1161, 1163 (7th Cir.2015) (a secured creditor who fails to file a claim can still enforce its lien even after the debtor receives a discharge). Whether that remedy will have any value to the bank is something else entirely; but that is the

price it must pay for failing to file a proof of claim. It is not appropriate to punish the debtors for the bank's failure to protect its interest. Humphrey, 309 B.R. at 781.

Grant County State Bank's motion for adequate protection or alternatively for relief from the automatic stay and abandonment will be DENIED. An order doing so will be entered.

---

**2.** The cases the bank cites for a seemingly contrary position, Matter of Thomas, 91 B.R. 117 (N.D.Ala.1988); In re Lee, 182 B.R. 354 (Bankr.S.D.Ga.1995); In re Thompson, 2014 WL 1330110 (Bankr.S.D.Ga.2014), all involve plans that did not provide for the creditor's secured claim.