In re Stephen Joseph CRAWFORD
Judith Marlene Crawford a/k/a
Judith Marlene Page, Debtors.

Stephen Joseph CRAWFORD, Appellant,

v.

Henry W. GREEN, Trustee, Appellee.

Bankruptcy No. 87–21401–7.
Civ. No. 90–2316–V.

United States District Court,
D. Kansas.

Dec. 6, 1991.

Henry W. Green, Leavenworth, Kan., Mark O. Sanderson, Connaughton & Boyd, Kansas City, Mo., for Stephen Joseph Crawford & Judith Marlene Crawford.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case comes before the Court on appeal from an order of the United States Bankruptcy Court dated August 27, 1990. In that order, the Bankruptcy Court sustained the Debtor's request to file a proof of claim on behalf of the Internal Revenue Service out of time. The Bankruptcy Court further ordered that the proof of claim filed on behalf of the IRS would be treated as a tardily filed claim under 11 U.S.C. § 726(a)(3) and should be treated as such by the trustee upon distribution of the debtor's estate. Stephen Joseph Crawford ("Crawford"), debtor in the bankruptcy proceeding, appeals this ruling.

Having thoroughly reviewed the briefs of the parties and record from the Bankruptcy Court, this Court has determined that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument. Accordingly, oral argument will not be allowed pursuant to Bankruptcy Rule 8012.

Neither party to this appeal disputes the findings of fact made by the Bankruptcy Court. The Bankruptcy Court made the following findings of fact in its August 27, 1990 order:

1. That on October 2, 1987, the debtors, Stephen Joseph Crawford and Judith Marlene Crawford a/k/a Judith Marlene Page (hereinafter "debtors"), filed their voluntary Chapter 7 petition with the Court.

2. That the debtors listed the IRS as a creditor on their schedules, showing the amount owed as $0.00; and the IRS was so noticed.

3. That February 2, 1988, was set as the bar date for filing proof of claims in the bankruptcy proceeding.

4. That to date the IRS had failed to file a proof of claim.

5. That on February 19, 1988 the debtors received their discharge.

6. That on December 1, 1989, the debtors received a Form 668–B Levy from the IRS stating that the debtors owed $19,-193.70.

7. That on December 8, 1989, the debtors filed their Motion to File Proof of Claim on Behalf of Internal Revenue Service, Out of Time with the Bankruptcy Court. That attached to the debtors' motion as "Exhibit A" was a proof of claim for the IRS in the amount of $19,193.70.

8. That on January 18, 1990, the Bankruptcy Court held a hearing on the debtors' Motion to file Proof of Claim on Behalf of Internal Revenue Service, Out of Time. After hearing the arguments of counsel, the Bankruptcy Court took the matter under advisement.

The Bankruptcy Court determined in its order of August 27, 1990 that the debtors should be permitted to file a proof of claim on behalf of the IRS out of time. The Bankruptcy Court noted that because the debtors had failed to file the proof of claim on behalf of the IRS within the time period prescribed by Bankruptcy Rule 3004, the Court could disallow the proof of claim. However, the Bankruptcy Court relied on equitable arguments and the debtors' basic right to a fresh start in permitting the debtors to file the proof of claim.

The Bankruptcy Court further determined that the IRS' claim should be treated as a tardily filed claim under § 726(a)(3) so as not to prejudice the claims of other creditors. The Bankruptcy Court directed the trustee to treat the claim of the IRS as being tardily filed in accordance with § 726(a)(3) upon the disbursement of the assets of the debtors' estate.

Crawford contends that the conclusion reached by the Bankruptcy Court was erroneous. Crawford asserts that it was improper for the Bankruptcy Court to subordinate the IRS' claim under § 726(a)(3) due to the fact that the IRS claim is entitled to priority under Bankruptcy Code § 507. Crawford additionally asserts that it was erroneous for the Bankruptcy Court to subordinate the IRS' claim to other unsecured creditors because it prejudicially affects the debtor's fresh start. It is clear to this Court that Crawford has a great deal riding on a determination that the IRS claim should be allowed and should not be subordinated. This is due to the fact that the IRS debt is nondischargeable pursuant to Bankruptcy Code § 523(a)(1). If the IRS claim is not allowed, or if it is subordinated to the claims of general unsecured creditors, Crawford will remain saddled with the nondischarged IRS debt.

The Trustee makes two major contentions in his reply brief. First, the Trustee asserts that the Bankruptcy Court had no authority to extend the bar date for filing the IRS claim. Secondly, the Trustee asserts that the Bankruptcy Court was permitted to subordinate the IRS claim notwithstanding Bankruptcy Code § 507.

■ In reviewing the findings of the Bankruptcy Court, this Court may set aside findings of fact only if they are clearly erroneous. *In re Branding Iron Motel, Inc.,* 798 F.2d 396, 399 (10th Cir.1986). However, conclusions of law are subject to *de novo* review. *In re Blehm Land & Cattle Co.,* 859 F.2d 137 (10th Cir.1988). In addition, mixed questions of law and fact are subject to *de novo* review if such mixed questions involve "primarily a consideration of legal principles." *Matter of Tri–State Equipment, Inc.,* 792 F.2d 967, 970 (10th Cir.1986).

In order to determine whether Crawford should be allowed to file the late claim on behalf of the IRS, it is necessary to examine the relationship between Bankruptcy Rules 3004 and 9006. Rule 3004 provides:

If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, *within 30 days after the expiration of the time for filing claims prescribed by*

*Rule 3002(c) or 3003(c), whichever is applicable.* The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or 3003(c), shall supersede the proof filed by the debtor or trustee. [emphasis added.]

It is undisputed that Crawford's motion was filed outside the time period provided by Rule 3004. As Rule 3004 does not provide for extending the bar date, requests for extension of the Rule 3004 time period are governed by Rule 9006(b), which reads:

(b) Enlargement

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.*

(2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 7052, 9015(f), 9023, and 9024.

(3) Enlargement Limited. The court may enlarge the time for taking actions under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules. [emphasis added.]

■ Therefore, while Crawford's motion under Rule 3004 may be filed after the time period has elapsed, the court can only grant an extension if the *failure to act* (in this case, Crawford's failure to file a timely claim on behalf of the IRS) was the result of excusable neglect. If Crawford's failure to timely file the proof of claim on behalf of the IRS was due to excusable neglect, then Crawford's filing would be timely pur-

suant to the enlargement time provided in Rule 9006(b)(1). On the other hand, if Crawford's failure to timely file the proof of claim was not the result of excusable neglect, then Crawford would not be entitled to any extension of time to file the proof of claim and Crawford's filing would be untimely.

Neither party to this appeal has raised the question of whether the failure by Crawford to file the proof of claim within the time limit prescribed by Rule 3004 was the result of excusable neglect. The Trustee's brief contains a lengthy argument that the Bankruptcy Court has no authority to enlarge the time period for filing a proof of claim under Rule 3002(c) beyond the six exceptions listed in the Rule. Although the Trustee is correct in his conclusion that Rule 9006(b)(3) limits the court's ability to extend the bar date for claims filed pursuant to Rule 3002(c), this analysis has no relevance to this case, which involves a claim filed pursuant to Rule 3004. Crawford's brief contains no discussion whatsoever regarding the timeliness of his proof of claim, apparently in the belief that the only issue in this appeal is whether the claim should be subordinated. Similarly, the Bankruptcy Court's order of August 27, 1990 contains no discussion of the excusable neglect issue. Although the parties have not briefed excusable neglect, there is ample record before this Court to allow the Court to deal with that issue.

■ In determining what constitutes excusable neglect, courts inquire whether "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Davis,* 936 F.2d 771, 774 (4th Cir.1991). The inquiry centers on whether the delay could have been prevented by the exercise of diligence by the party who failed to perform. *Hanson v. First Bank of South Dakota,* 828 F.2d 1310, 1315 (8th Cir.1987).

■ This Court finds that the failure of Crawford to file his proof of claim on behalf of the IRS within the time limit prescribed by Rule 3004 was not the result of excusable neglect. The burden is on the

debtor to ensure the operation of Rule 3004 by checking the claims docket, which is a public record. *In re Davis*, 936 F.2d 771, 774 (4th Cir.1991). Rule 3004 contemplates that the debtor will ascertain as of the claims bar date whether proofs of claim were timely filed by creditors. The debtor can then file claims for creditors who have not. *In re Kloeble*, 112 B.R. 379, 381 (Bankr.S.D.Cal.1990). Crawford has presented no evidence to support a finding that his failure here was beyond his reasonable control or could not have been prevented by the exercise of diligence.

It is obvious from the facts of this case that Crawford's failure to timely file the proof of claim was not due to circumstances beyond Crawford's control. The fact that Crawford was aware of a possible debt owed to the IRS can be seen from the fact that Crawford listed the IRS as a creditor on his bankruptcy schedules. It was Crawford's responsibility to monitor the claims docket to ascertain whether the IRS had filed a proof of claim, which he easily could have done. Once Crawford discovered that the IRS had failed to file a proof of claim by the claims bar date, he should have filed a claim on their behalf. While it is true that Crawford did not know the exact amount owing to the IRS, he was certainly able to file a claim with an estimated amount. This would have put the burden on the IRS to determine the actual amount and file an amended proof of claim. Alternatively, Crawford could have asked for an extension of time from the court to file his 3004 claim until he was able to determine the exact amount.

Crawford makes two other arguments in his brief regarding the allowability of his late filed proof of claim. His first argument is that creditors were put on notice as to a possible claim by the IRS due to Crawford's listing of the IRS on his schedules, and therefore creditors would not be prejudiced by allowing the IRS claim. This argument fails due to the fact that scheduling of debts does not constitute filing of claims (informal or formal), pursuant to Bankruptcy Code Section 501. Otherwise, there would in effect be no claims deadline (all subsequently filed proofs of claim relating back to the informal, scheduled claims), and the Bankruptcy Rule requiring the filing of proofs of claim in Chapter 7 cases (Rule 3002) would have no meaning. *In re Poor*, 127 B.R. 787 (Bankr. M.D.La.1991). Mere notice of a claim alone does not qualify as an informal proof of claim and does not excuse the absence of proper timely proof. *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir. 1985).

Crawford's other argument is that the IRS claim must be allowed and must not be subordinated because to rule otherwise would prejudicially affect the debtor's fresh start. While the right of the debtor to a fresh start is a major objective of the Bankruptcy Code, that right must be balanced against the right of the creditors to receive payment. *In re Zimmerman*, 114 B.R. 439 (Bankr.W.D.Pa.1990). Creditors who have timely filed their claims are entitled to expect the dividend they are entitled to if the court follows the law and enforces the rules. *In re Solari*, 62 B.R. 31 (Bankr. 9th Cir. BAP 1986). In making a decision to allow a late filed proof of claim, any potential adverse effect on any party must be considered. *Davis, supra*, 936 F.2d at 776.

This Court finds that an equitable argument based on the debtor's right to a fresh start is insufficient to allow the late filed proof of claim. The effect of allowing the claim would be to eliminate any recovery for those creditors who diligently filed their proofs of claim pursuant to the established bar date. Crawford failed to file his proof of claim on behalf of the IRS until 20 months past the established Rule 3004 bar date. Crawford displayed a lack of diligence in pursuing his statutory advantage. To allow the claim to be filed 20 months late would result in manifest injustice to those creditors who diligently filed their proofs of claim pursuant to the established bar date. *See In re Davis*, 936 F.2d 771 (4th Cir.1991); *In re King*, 90 B.R. 155 (Bankr.E.D.N.C.1988); *In re Solari*, 62 B.R. 31 (Bankr. 9th Cir. BAP 1986).

Having determined that Crawford's filing of the proof of claim was untimely, there remain two interrelated questions on this appeal. These are: (1) Should the late filed claim be allowed at all in the bankruptcy? and; (2) If the claim is allowed, should it be subordinated under § 726(a)(3) even though it is a priority claim under § 507?

■ This Court agrees with the ruling of the Bankruptcy Court that Crawford's claim should be allowed as a tardily filed claim and should therefore be subordinated to the timely filed claims of unsecured creditors pursuant to § 726(a)(3).

In *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990) the Court held that § 726 of the Bankruptcy Code contemplates payment of some tardily filed claims and the Bankruptcy Rules cannot contradict the statute regarding that payment. Therefore, the Bankruptcy Court's Order allowing the tardily filed proof of claim was not in error. Additionally, there is ample authority that tardily filed priority claims should be paid pursuant to § 726(a)(3). *In re Electrical Management, Inc.*, 133 B.R. 90 (Bankr. N.D. Ohio 1991); *In re Kragness*, 82 B.R. 553 (Bankr.D.Or.1988).

The Bankruptcy Court ruled that the proof of claim filed by Crawford on behalf of the IRS should be treated as a tardily filed claim and should be subordinated to the timely filed claims of unsecured creditors pursuant to § 726(a)(3). This Court has carefully reviewed the briefs of the parties and the record on appeal and finds no error in the decision of the Bankruptcy Court. That decision should, therefore, be affirmed.

IT IS THEREFORE ORDERED that the Bankruptcy Court's order of August 27, 1990 is hereby affirmed.