**In re Carmen Alvarado JURADO, Debtor.**

No. 98–06418 (ESL).

United States Bankruptcy Court, D. Puerto Rico.

June 10, 2004.

William Davila de Pedro, San Juan, PR, for Debtor.

### *OPINION AND ORDER*

ENRIQUE S. LAMOUTTE,
Bankruptcy Judge.

This case is before the court upon the Chapter 13 Trustee's ("Trustee") motion to reconsider this court's order allowing the filing of a secured claim by the debtor on behalf of Banco Bilbao Vizcaya Argentaria's ("BBVA"). The issues before the court are: (1) whether a proof of claim must be filed in order to confirm a Chapter 13 plan which provides for said claim; (2)whether a proof of claim must be filed in order to participate in the distribution of funds according to the confirmed chapter 13 plan; and (3) who bears the burden of insuring that all claims specifically dealt with in the proposed plan have been filed in order for the Chapter 13 Trustee to make the corresponding disbursement, and what are the consequences of failing to do so.

### *Factual and Procedural Background*

The debtor filed her petition under Chapter 13 of the Bankruptcy Code on May 12, 1998. The meeting of creditors was scheduled for June 26, 1998, and the claims' bar date for non governmental units was set for September 24, 1998. The combined notice scheduling the above events summarizes the interplay between section 501 of the Bankruptcy Code and Fed. R. Bankr.P. 3002; that is, a creditor must file a timely proof of claim in order to be entitled to participate in the distribution of the plan.

The amended plan dated July 10, 1998, was confirmed on August 10, 1998. The confirmed plan provides for sixty monthly payments in the amount of $250.00, and full payment to secured creditor Ponce-Bank (now Banco Bilbao Vizcaya Argenta-ria, "BBVA"), including extended insurance coverage upon maturity of the loan and until the debt is paid in full. The plan also provides for payment of arrears to secured creditor R & G Mortgage, and full payment to claims with co-debtors.

The record shows that BBVA has not filed a proof of claim, although it objected to the confirmation of the original chapter 13 plan, dated May 11, 1998. The debtor answered BBVA's objection, and agreed to file an amended plan curing the grounds for the objection. The amended plan dated July 10, 1998, was filed on the same date as debtor's answer to BBVA's objection to confirmation. The amount owed was increased to include both interest and insurance coverage on the balance owed on the car loan until full payment of the debt, since the maturity date of the loan was June 15, 2000, and the plan was scheduled to be completed in the year 2003. At the confirmation hearing held on August 5, 1998, the debtor orally amended the July 10, 1998 Chapter 13 plan to substitute BBVA for PonceBank. BBVA orally withdrew its objection to confirmation. The record also shows that neither the debtor nor the trustee filed a claim on behalf of BBVA prior to the confirmation of the 60–month plan.

On February 26, 2003, the debtor moved the court to file a late claim on behalf of BBVA; that is, 54 months after the date of confirmation of the 60–month plan, three months before the completion of the plan, and after all the funds paid by the debtor under the plan were disbursed by the trustee to the creditors with allowed claims. Debtor's motion was allowed by the court.

The Chapter 13 Trustee moves the court to reconsider the order granting debtor's motion to allow the late filing of a secured claim on behalf of BBVA, alleging that the

secured claim filed a few months prior to the completion of the 60–month plan adversely affects the administration of the case, and in the alternative, that the claim is time barred. The debtor opposed the motion stating that it is the Chapter 13 trustee's responsibility to insure that payments are made according to the terms of the confirmed plan, and thus, the Chapter 13 trustee must now initiate action to recover monies paid to unsecured creditors, and redistribute the same to secured creditor BBVA.

The court scheduled a hearing for June 30, 2003. At the June 30, 2003 hearing, the trustee argued that no disbursements were made to BBVA because a claim was not timely filed. After the parties filed legal briefs in support of their arguments, the matter was taken under advisement.

### Jurisdiction

This court has jurisdiction to consider the motion for reconsideration filed by the Chapter 13 Trustee pursuant to 28 U.S.C. § 1334, and 28 U.S.C. §§ 157(a) and (b)(1) and (2)(A), and (B). Fed. R. Bankr.P. 3008 provides that any party in interest may move the court to reconsider an order allowing or disallowing a claim against the estate.

### Discussion

"No one is ever required to file a proof of claim in any bankruptcy proceeding; it is just that not doing so has consequences." *Matter of Baldridge*, 232 B.R. 394, 396 (Bankr.N.D. Indiana 1999). This statement sets the stage for this court's analysis of the pending issues.

**Whether a proof of claim must be filed (a) to confirm a plan which provides for that claim, and (b) to participate in the distribution of funds under the plan.**

■ Section 501(a) of the Bankruptcy Code provides that any creditor may file a proof of claim. Fed.R.Bankr.P. 3002(a) requires the filing of a proof of claim by unsecured creditors and equity security holders for the claim or interest to be allowed. A proof of claim is timely if the claim is filed within ninety days after the first date set for the meeting of creditors. *See* Fed.R.Bankr.P. 3002(c).[1] If the creditor fails to timely file its claim, then the debtor or the trustee may file a claim on behalf of the creditor pursuant to 11 U.S.C. § 501(c), within the time provided by Fed.R.Bankr.P. 3004, that is, within thirty days after the bar date to file claims.

■ Section 502 requires the filing of a timely proof of claim, regardless of whether it is secured or unsecured, to determine whether the claim is allowed or not. Judge Lundin explains the interrelation of sections 501 and 502 in chapter 13 cases as follows:

Under § 502(a), a claim, "proof of which is filed under § 501 of this title," is "deemed allowed" unless a party in interest objects. Section 502 makes no distinction between secured or unsecured claims. There is no provision of the Code for the allowance of a *secured* claim when no proof of claim has been filed by the claim holder (or by some other party on behalf of the claim holder). The Code is constructed that no claim holder—secured or unsecured—can have an *allowed* claim if a proof of claim has not been filed.

. . .

Though the cases are surely correct that secured claim holders cannot be forced to file proofs of claim on any particular schedule, there are consequences to the failure to timely file proof of a secured

---

**1.** A claim by a governmental unit is timely if filed within 180 days after the order for relief.

claim. Absent a timely filed proof of claim, the secured claim holder will not have an allowed claim, will not share in distributions under the plan and will realize on its collateral only after further litigation.

4 Keith M. Lundin, "Chapter 13 Bankruptcy" § 280.1 (3rd ed.2002) (citations omitted).

█ The Bankruptcy Code and Rules do not provide the time within which secured claims may be filed, or the consequences of a secured creditor's failure to file a proof of claim. The question of "timeliness" of secured claims in chapter 13 cases is addressed by the Court in *In re Macias*, 195 B.R. 659, 662–663 (Bankr.W.D.Texas 1996):

It remains to determine what "timely" should mean when we apply section 502(b)(9) in the context of secured claims in chapter 13 cases. Congress has left it to the courts to invest terms found in the Bankruptcy Code with meaning in those situations in which the bankruptcy rules are silent. This is one of those situations. The rules provide no bar date for secured claims. The statute itself gives no guidance regarding what "timely" means in the context of secured claims, especially in the chapter 13 context. But the function of the timeliness requirement is to aid in the orderly and efficient administration of bankruptcy cases. In the chapter 13 context, the trustee cannot perform her task of distribution in an orderly and efficient manner unless and until she knows with a certainty which creditors are entitled to receive how much money. That need is especially critical when it comes to secured claims. Thus, "timely," as applied to the filing of secured claims in a chapter 13 case, ought to be a date prior to the commencement of distribution of payments.

The court in *Macias* measured the timeliness of filing secured claims in chapter 13 cases in terms of the efficient administration of the case. The trustee will not be able to make distribution to the secured creditor upon confirmation of the chapter 13 plan until a claim is filed by or on behalf of the secured creditor.

█ In a chapter 13 case, if the "chapter 13 plan is intended to pay a secured claim, and the court requires a secured claim to be filed in order for it to be allowed and paid, the debtor may need to file the secured claim if the secured creditor does not do so." 9 Lawrence P. King, *Collier on Bankruptcy* ¶ 3004.01 (15th ed. rev'd.2003). This court's Administrative Order No. 97–003(ESL) ("A.O. 97–003"), (subsequently amended by A.O. 01–2001, A.O. 02–2002, and A.O. 02–2004), ¶ 11(a) and (b), requires that "[t]he debtor must file a claim for any creditor specifically dealt with in the plan at least 15 days prior to confirmation hearing in the manner and form specified by the Local Bankruptcy Rules." Failure to comply with this provision may entail the denial of the confirmation of the plan, or the reduction of attorneys' fees. In the instant case, the record shows that neither BBVA nor the debtor filed a claim prior to the confirmation hearing. Indeed, no claim has been filed by BBVA as of this date, and the debtor's claim on behalf of BBVA was filed 54 months after the confirmation of the Chapter 13 plan.

█ The right of the debtor or the trustee to file a proof of claim on behalf of a creditor is important in a chapter 13 case, particularly if the debtor wishes to pay a secured debt under the life of the plan. "[I]n order to receive a distribution under a confirmed Chapter 13 plan, even secured creditors must first file a proof of claim or have one filed on their behalf." *Baldridge*, 232 B.R. at 396. "[A]bsent a

timely proof of claim, a creditor is not entitled to receive a distribution even though the confirmed plan provides for payments on the claim." *In the Matter of Zich,* 291 B.R. 883, 886 (Bankr.M.D. Georgia 2003). "To ensure that the creditor's lien is resolved during the life of the plan, the debtor may wish to file a proof of claim on behalf of the creditor." 5 William L. Norton, Jr., *Norton Bankruptcy Law and Practice 2d* § 123.4 (2003).

Judge Lundin, in his treatise *Chapter 13 Bankruptcy,* comments on the need to file a proof of claim to protect the interest of the secured creditor:

> Section 1325(a)(5) is the principal protection of secured claim holders at confirmation. This section applies to allowed secured claims. The creditor *must* file a proof of claim and have a secured claim under 11 U.S.C. § 506 before § 1325(a)(5) is available. The consequences of failing to timely file proof of a secured claim are significant. (Emphasis ours.)

2 Lundin, § 101.1 at 101–2. Collier's analysis of section 1325(a)(5) also emphasizes the importance of filing a proof of claim by a secured creditor in order to protect its rights at the time of confirmation of the plan:

> Section 1325(a)(5) relates exclusively to allowed secured claims. Federal Rules of Bankruptcy Procedure 3001 through 3008 govern the proof and allowance of secured claims under the Code. It is not plausible under section 502(a) to maintain that the mere assertion of a secured claim, without further proof, entitles the holder of the asserted secured claim to the protections of section 1325(a)(5). Only a claim filed pursuant to section 502, enforceable against a trustee under sections 544 through 549, and determined secured to the extent permitted by subsections 506(a) and (b) comes

within the protective provisions of section 1325(a)(5) relating to allowed secured claims.

> . . .

> Section 1325(a)(5) applies only to allowed secured claims that are provided for by the plan. Although the term "provided for by the plan" is not defined by the Code or its legislative history, the intended meaning seems clear enough. **A chapter 13 plan may, but need not, modify the rights of most holders of secured claims.** Because a plan need not modify allowed secured claims it is discretionary with the debtor whether to make provision in the chapter 13 plan for allowed secured claims.

8 *Collier on Bankruptcy,* ¶ 1325:06[a] and [b].

Thus, the filing of a proof of claim is not required by the Bankruptcy Code; however, a creditor's failure to timely file a proof of claim may affect its rights under the plan—namely, its ability to participate in the distribution of funds according to the plan. *See also* 11 U.S.C. § 502(b)(9). "A creditor who elects not to file a claim elects also not to be paid under the plan." *In re Branch,* 228 B.R. 831, 835 (Bankr. W.D. Virginia 1998), citing *In Re Macias,* 195 B.R. 659, 662 (Bankr.W.D.Texas 1996). "The principal consequence of failing to file a proof of claim is that the creditor cannot have an allowed claim, and if it cannot have an allowed claim, then it will not be entitled to distributions under the plan." Lundin, § 275.2.

Although there is no statutory requirement for the filing of a proof of claim to confirm a chapter 13 plan, this court's Administrative Order 97–03 so requires. The basic reason for the requirement to file a proof of claim for a creditor specifically dealt with in the Chapter 13 Plan is to implement the intent of the plan for the benefit of both the debtor and the particu-

lar creditor. The controversy before this court validates the soundness of the requirement. In this case, the plan was confirmed even though a claim was not filed by or on behalf of BBVA, a secured creditor specifically dealt with in the Chapter 13 plan. The creditor did not participate in the distribution of funds, and the debtor is now left with a lien and arrears on a secured claim, the treatment of which was the main reason for the filing of the bankruptcy petition.

**Who bears the burden to insure that all claims specifically dealt with in the proposed plan have been filed?**

■■■ As discussed above, there is no requirement in the Bankruptcy Code and Bankruptcy Rules that a proof of claim be filed in order to confirm a plan. Further, a secured creditor has other remedies to enforce its lien in and after bankruptcy. Pursuant to 11 U.S.C. § 506(d)(2), a lien securing a claim is not void if the claim is not an allowed secured claim "due only to the failure of any entity to file a proof of such claim under section 501". *See In re Tarnow*, 749 F.2d 464 (7th Cir.1984); *see also, In re Schaffer*, 173 B.R. 393 (Bankr. N.D.Ill.1994) (citing *In re King*, 165 B.R. 296, 299 (Bankr.M.D.Fla.1994) (noting that "as a secured creditor, it is entitled to ignore the bankruptcy proceedings altogether and look to its lien for the satisfaction of the debt.")) However, it behooves the debtor to protect its right to pay the secured debt under section 1325(a)(5) of the Code by filing a timely proof of claim on behalf of the secured creditor. *See In re Branch*, 228 B.R. 831; *In re Kimber*, 84 B.R. 462 (Bankr.W.D. Michigan 1988).

■■■ The court in *In re Crawford*, 135 B.R. 128, 131–132 (D. Kansas 1991), held that "[t]he burden is on the debtor to ensure the operation of Rule 3004 by checking the claims docket, which is a public record." The court also held that "[r]ule 3004 contemplates that the debtor will ascertain as of the claims bar date whether proofs of claim were timely filed by creditors." *Id.* at 132. In *Crawford*, a chapter 7 case, the debtor filed a proof of claim on behalf of the Internal Revenue Service 20 months after the bar date established pursuant to Rule 3004. The Court held that "[t]o allow the claim to be filed 20 months late would result in manifest injustice to those creditors who diligently filed their proofs of claim pursuant to the established bar date." *Id.* at 132. A similar rationale applies to determine the timeliness of chapter 13 claims. Timely filing of proofs of claim is necessary for the orderly, effective, and efficient administration of Chapter 13 plans. *In re Schaffer*, 173 B.R. 393, 398 (Bankr.N.D.Ill.1994).

■■■ The Chapter 13 Trustee has the legal authority to file a proof of claim on behalf of a creditor under Fed.R.Bankr.P. 3004, yet the burden to file a proof of claim on behalf of a creditor is on the debtor, who ultimately has the duty to protect its own interest under the provisions of the Bankruptcy Code. The debtor, however, failed to file a proof of claim on behalf of BBVA prior to the confirmation of the plan dated July 10, 1998, which provided for payment in full of BBVA's claim in a specific amount. Consequently, the debtor failed to protect her own interest by failing to file a claim for BBVA.

The filing of the proof of claim is particularly important when, as in this case, the debtor and the secured creditor reached an agreement as to the amount owed and agreed that it be paid under the plan. If the debtor intended to pay BBVA's secured debt under the plan, she should have filed a proof of claim on behalf of BBVA to protect her rights under section 1325(a)(5) of the Code, and to resolve BBVA's lien during the life of the plan as allowed by

Fed.R.Bankr.P. 3004 and required by A.O. 97–003.

■■■ The debtor requests that the funds already distributed by the trustee to the holders of timely filed and allowed unsecured claims be recovered by the Chapter 13 Trustee in order to pay secured creditor BBVA. The debtor argues that BBVA is provided for in the confirmed plan, and that the Chapter 13 Trustee failed to timely file a proof of claim on behalf of BBVA. Thus, "the trustee has the power and obligation" to recover, from the creditors that have been paid under the plan, the amount corresponding to BBVA's payment. The Chapter 13 Trustee argues that to allow debtor's request will adversely affect the administration of the plan, and the court will be condoning debtor's lack of diligence. We agree with the Chapter 13 trustee. The confirmed plan cannot be modified on the eve of completion to include payment to secured creditor BBVA, particularly when it is a 60–month plan, the maximum allowed by section 1322(d) of the Bankruptcy Code. Debtor's claim is untimely in terms of participating in the plan disbursements. Further, to be paid in full, as contemplated in the confirmed Chapter 13 plan, and to demand full payment to secured creditor BBVA at this stage of the proceedings, is detrimental and prejudicial to the creditors that filed their claims in a timely manner.

Lastly, we find that debtor's counsel's attempt to protect his client's interests barely a few months prior to the completion of the 60–month plan is inexcusable. Debtor requests that the funds already disbursed under the plan be recovered by the Chapter 13 Trustee and in turn be disbursed to BBVA. Debtor's request is unacceptable. The ultimate burden to file a timely proof of claim on behalf of a creditor specifically dealt with in the Chapter 13 plan lies on the debtor.

### Conclusion

Debtor failed to comply with A.O. 97–003 by not filing a proof of claim on behalf of BBVA, a secured creditor specifically dealt with in the confirmed Chapter 13 plan. Debtor's omission caused that the confirmed plan provisions could not be fully administered by the Chapter 13 trustee. Thus, the debtor must now suffer the consequences of such failure.

In view of the foregoing, the Chapter 13 Trustee's motion for reconsideration is hereby granted in part, and denied in part. Debtor's claim filed on behalf of secured creditor BBVA is timely as there is no bar date to file a secured claim. However, the disbursement to BBVA under the plan is limited to the funds received by the Chapter 13 Trustee after March 6, 2003, when the court granted debtor's motion to file the claim on behalf of BBVA. Debtor's counsel's failure to comply with A.O. 97–003 entails that the full amount of attorneys' fees paid be disgorged and paid to the trustee, to be, in turn, disbursed to secured creditor BBVA.

SO ORDERED.