In re Shannon Leigh Baker GONZA-
LEZ, a/k/a Shannon Leigh Baker,
d/b/a Mini School Supply, Debtor.

The Municipality of Carolina,
Appellant,

v.

Shannon Leigh Baker Gonzalez
and Alejandro Oliveras Rivera,
Chapter 13 Trustee, Appellees.

Bankruptcy No. 10–10029–BKT.
BAP No. PR 12–063.

United States Bankruptcy Appellate Panel
of the First Circuit.

April 12, 2013.

José L. Gándara, Esq., on brief, San Juan, PR, for Appellant.

Pedro Rafael Medina Hernandez, Esq., on brief for Appellee.

Alejandro Oliveras Rivera, Chapter 13 Trustee.

Before HAINES, FEENEY, and HOFFMAN, united States Bankruptcy Appellate Panel Judges.

PER CURIAM.

The Municipality of Carolina (the "Municipality") appeals from the bankruptcy court's denial of its motion to set aside a previous order disallowing a claim filed on its behalf by Shannon Leigh Baker Gonzalez (the "Debtor") pursuant to 11 U.S.C. § 501(c) and Fed. R. Bankr.P. 3004.[1] For the reasons set forth below, the decision of the bankruptcy court is **AFFIRMED.**

1. All references in the text of this opinion to a section of the "Code" shall refer to the Bankruptcy Code, 11 U.S.C. § 101 et seq. All references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

2. As noted above, the proof of claim bar date for governmental units was April 25, 2011.

## BACKGROUND

The Debtor filed a chapter 13 petition in October 2010. On her Schedule E, the Debtor listed the Municipality as an unsecured creditor with a priority claim for municipal taxes in the amount of $760.28. The Debtor's chapter 13 plan, as amended, provided for the payment of priority claims of certain creditors, including the Municipality. The plan was confirmed in May 2011.

Shortly after the bankruptcy filing, the bankruptcy court issued a "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines" (the "Bar Date Notice"), notifying creditors and parties in interest that the deadline for filing proofs of claim was February 28, 2011, for nongovernmental creditors, and April 25, 2011, for governmental units. The clerk of the bankruptcy court served the Bar Date Notice on the Municipality by first-class mail at its correct address.

The Municipality, a governmental unit, never filed a proof of claim, and, on June 7, 2011, the Debtor filed a proof of claim asserting an unsecured priority claim in the Municipality's name in the amount of $760.28 (the "Claim").[2] On June 16, 2011, Alejandro Oliveras Rivera, Chapter 13 Trustee (the "Chapter 13 Trustee"), objected to the Claim, stating simply that it was "filed after the bar date of [Bankruptcy Rule] 3002(c) elapsed," although the Claim was filed pursuant to Bankruptcy Rule 3004. Neither the Debtor nor the Municipality filed a response to the Trustee's objection. On July 19, 2011, the bankruptcy court entered an order (the

The bar date for filing a proof of claim on behalf of the Municipality by either the Debtor or the Trustee pursuant to Bankruptcy Rule 3004 would have been May 25, 2011. Thus, the Claim filed on the Municipality's behalf by the Debtor was 13 days late.

"Claim Order"), stating the following: "Trustee's objection to claim # 17 by claimant Municipio de Carolina (docket # 51) is hereby granted."

Almost ten months later, on May 8, 2012, the Municipality filed a motion (the "Rule 60(b) Motion") to set aside the Claim Order pursuant to Bankruptcy Rule 9024, which makes Fed.R.Civ.P. 60(b) ("Rule 60(b)") applicable to bankruptcy proceedings. Without identifying a particular subsection of Rule 60(b), the Municipality argued that, although § 501(c) gives a debtor authority to file a proof of claim on behalf of a creditor, the Debtor should not have been allowed to file a proof of claim on its behalf when she knew she was filing the Claim after the bar date, and that the Claim would likely be disallowed. Accordingly, the Municipality moved the bankruptcy court to vacate its order disallowing the Claim, thereby permitting the late filing of the Claim by the Debtor.

In response, the Debtor argued that the bankruptcy court should deny the Rule 60(b) Motion because the Municipality was included on her schedules as an unsecured priority creditor, was duly notified of the case, and never filed a claim. The Trustee also filed a response, arguing that the Rule 60(b) Motion should be denied because: (1) the Municipality had not met the strict and narrow criteria set forth in Rule 60(b) to reconsider the Claim Order; and (2) the Debtor's filing of the Claim on the Municipality's behalf was time-barred and, as such, should remain disallowed. The Trustee also observed that the Municipality's position was not clear: "[O]n one hand it seems to object to the filing of the claim by debtor on their behalf by alleging it was

'not authorized', and on the other[,] creditor is requesting the allowance of the claim."

On August 24, 2012, the bankruptcy court, without a hearing, entered an order (the "Rule 60(b) Order"), stating without further explanation:

> For [the] reasons stated in the Trustee's motion filed on Docket No. 81, the Municipality de Carolina's untimely motion to set aside order (docket # 54) is hereby denied.

The Municipality filed a notice of appeal with respect to the Rule 60(b) Order.[3] It did not identify the Claim Order in its notice of appeal.

## *JURISDICTION*

■ Before addressing the merits of an appeal, the Panel must determine that it has jurisdiction, even if the issue is not raised by the litigants. *Garcia Matos v. Oliveras Rivera (In re Garcia Matos)*, 478 B.R. 506, 511 (1st Cir. BAP 2012).

### I. Scope of Appeal

■ In its notice of appeal, the Municipality indicated that it was appealing the Rule 60(b) Order. Thus, from the face of the notice of appeal, only the Rule 60(b) Order is subject to review, not the underlying Claim Order. In its opening brief, however, the Municipality challenges not only the denial of the Rule 60(b) Motion, but also the underlying Claim Order. According to the Municipality, "[a] timely appeal of an order denying relief [under Rule 60(b) ] is deemed also timely as to the underlying order." The Trustee also identifies the Claim Order as one of two orders

---

**3.** The notice of appeal provided:

The Municipality of Carolina, a creditor of debtor, hereby appeals from the Order of the bankruptcy judge entered in the captioned bankruptcy proceedings on August 24, 2012, Doc. # 86, denying a motion of the Municipality of Carolina, Doc. 54, to set aside a previous order disallowing a claim of this Municipality, Doc. 51.

on appeal, and addresses the merits of both the Claim Order and the Rule 60(b) Order in his brief.

In some circumstances, the Panel has construed a notice of appeal that only names the post-judgment order as encompassing both the post-judgment order and the judgment itself, especially when it is clear that the appellant intended to appeal both orders, and where both parties brief issues relating to the underlying judgment. *See Bellas Pavers, LLC v. Stewart (In re Stewart)*, No. MB 12–017, 2012 WL 5189048, at *4–5, 2012 Bankr.LEXIS 4943, at *10–12 (1st Cir. BAP Oct. 18, 2012) (citing cases); *Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493, 504 (1st Cir. BAP 2005). In those cases, the Panel acknowledged that the United States Court of Appeals for the First Circuit has been "liberal" in determining the scope of appeals, and that "noncompliance with mere technicalities will not defeat appellate jurisdiction ... so long as the litigant's filing is the functional equivalent of what the rule requires." *In re San Miguel Sandoval*, 327 B.R. at 504 (citation and internal quotation marks omitted).

■ Those cases are distinguishable, however, because they involved appeals of Rule 59(e) motions, and the timely filing of the respective Rule 59(e) motions tolled the appeal period for the underlying orders. Where a party does not file a timely notice of appeal from a final order, and instead files a Rule 60(b) motion for relief from the order, an appellate court's jurisdiction does not extend to a review of the underlying order. *See Haddock Rivera v. ASUME (In re Rivera)*, 486 B.R. 574, 577 n. 4 (1st Cir. BAP 2013). In this case, the Municipality did not file the Rule 60(b) Motion until ten months after the Claim Order, and, therefore, it did not toll the appeal period for the underlying Claim

Order. *See* Fed. R. Bankr.P. 8002(b)(4) (providing that a motion for relief from judgment under Bankruptcy Rule 9024 tolls the appeal period for the underlying order only if filed no later than 14 days after the entry of judgment). Thus, even if the Municipality had included the Claim Order in its notice of appeal, it would have been untimely. Accordingly, the Panel will not review the Claim Order, and the Panel's review will be limited to the Rule 60(b) Order, although both parties briefed the merits of the Claim Order.

## II. Finality

■ The Panel has jurisdiction to hear appeals from: (1) final judgments, orders and decrees; or (2) with leave of court, from certain interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *id.* at 646 (citations and internal quotations omitted), whereas an interlocutory order " 'only decides some intervening matter pertaining to the cause, and ... requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.' " *Id.* (quoting *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). "[A]n order denying relief from judgment under Rule 60(b) is generally considered a final appealable order." *Balzotti v. RAD Invs., LLC (In re Shepherds Hill Dev. Co., LLC)*, 316 B.R. 406, 413 (1st Cir. BAP 2004). This appeal is from a final order.

### STANDARD OF REVIEW

■■ Appellate courts apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See Lessard v. Wilton–Lyndeborough*

*Coop. Sch. Dist.*, 592 F.3d 267, 269 (1st Cir.2010). They review a bankruptcy court's denial of a motion for relief from judgment under Rule 60(b) for abuse of discretion. *Eastern Sav. Bank, FSB v. LaFata (In re LaFata)*, 483 F.3d 13, 23 (1st Cir.2007) (citing *Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 427 F.3d 129, 132 (1st Cir.2005)); *Aja v. Fitzgerald (In re Aja)*, 441 B.R. 173, 177 (1st Cir. BAP 2011) (citing *In re Shepherds Hill*, 316 B.R. at 413). A bankruptcy court abuses its discretion if it ignores "a material factor deserving of significant weight," relies upon "an improper factor," or makes "a serious mistake in weighing proper factors." *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988).

## DISCUSSION

### I. Applicable Law

The Code and Bankruptcy Rules govern the requirements for the filing and allowance of proofs of claim. To determine whether a tardily filed claim can be allowed, courts must first determine whether the claim was properly filed under § 501. Section 501 identifies the parties who have a substantive right to file a claim, and it also addresses the timeliness of the filing. Section 501(a) provides that any creditor *may* file a proof of claim. 11 U.S.C. § 501(a). Section 501(c) provides that "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c).

Section 502 provides in pertinent part:
(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—...

(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

11 U.S.C. § 502(a) and (b)(9). Pursuant to these provisions, once the bankruptcy court determines that the claim meets the requirements of § 501, the court must then determine whether the claim should be allowed. Section 502(a) provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If a party in interest does object, the bankruptcy court must determine if the claim is to be allowed.

Section 502(b) enumerates a variety of grounds for disallowance, including that "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Proce-

dure...." *Perry v. First Citizens Fed. Credit Union,* 304 B.R. 14, 19 (D.Mass. 2004) (citing 11 U.S.C. § 502(b)(9)). Thus, under § 502(b)(9), an untimely filed claim must be disallowed, except to the extent a holder of an untimely claim is entitled to distribution under § 726(a)(1), (2), or (3). *Id.* at 19 n. 6 (citing Fed. R. Bankr.P. 3002(c) Advisory Committee's Notes). The § 726(a) exceptions to disallowance under § 502(b)(9) are inapplicable to chapter 7 and 13 cases. 11 U.S.C. § 103(b). Thus, if a proof of claim is not filed in a timely fashion, and if the § 726 exceptions do not apply, the claim must be disallowed, whether it is filed by a creditor, or by either the debtor or the trustee on the creditor's behalf.

■ If an unsecured creditor's claim is to be allowed in a chapter 13 case, a proof of claim must be filed. Fed. R. Bankr.P. 3002(a). To be timely, a governmental entity's proof of claim must be filed within 180 days after the order for relief. Fed. R. Bankr.P. 3002(c)(1).[4] Under the Bankruptcy Code and Bankruptcy Rule 3002, an unsecured creditor **must** file a proof of claim in order to have a right to payment from the estate. If a creditor fails to file a claim within the time periods prescribed, then the debtor (or trustee) **may** file a claim on the creditor's behalf within 30 days of the expiration of the creditor's bar date. *See* Fed. R. Bankr.P. 3004 ("If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee."). If a debtor (or trustee) files a claim on behalf of a creditor after the additional 30 days provided by the Bankruptcy Rules, and the claim is disallowed, then the creditor (if properly notified) will not be entitled to receive distribution from a confirmed plan and its claim will be discharged.

Section 502(j) of the Bankruptcy Code further provides: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case...." 11 U.S.C. § 502(j); *see* Fed. R. Bankr.P. 3008 ("A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hear-

---

4. Bankruptcy Rules 3002 and 3004 implement the provisions of the Bankruptcy Code. Bankruptcy Rule 3002 provides in pertinent part:

(a) Necessity for filing

An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.

...

(c) Time for filing

In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:

(1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.

Fed. R. Bankr.P. 3002.

ing on notice shall enter an appropriate order.").

Bankruptcy Rule 9006, in conjunction with Bankruptcy Rule 3002(c), precludes the filing of an untimely proof of claim in chapter 7 and chapter 13 cases, except in very limited circumstances.[5] Thus, the Municipality cannot have an allowed claim as it failed to satisfy the requirements of Bankruptcy Rule 3002(c). In addition, the Debtor did not comply with Bankruptcy Rule 3004.

## II. Analysis

██ The import of the Code and Rules could not be more clear: reconsideration of the disallowance of the proof of claim filed by the Debtor on the Municipality's behalf is unwarranted as the Municipality failed to establish any legally cognizable grounds for reconsideration of the disallowance of the Claim filed on its behalf.

Because the Municipality undisputedly had notice and an opportunity to file a proof of claim and failed to do so, its Claim is disallowed pursuant to § 502(b)(9) and Bankruptcy Rule 3002(a). *See Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493, 508 (1st Cir. BAP 2005) ("Strict application of the Rule 3002

deadline for filing claims assumes that the creditor has received this prescribed notice; late filed claims may be permitted in cases where notice to the creditor was materially deficient or misleading."). According to the court in *In re Jurado*, 318 B.R. 251, 256 (Bankr.D.P.R.2004):

> [T]he filing of a proof of claim is not required by the Bankruptcy Code; however, a creditor's failure to timely file a proof of claim may affect its rights under the plan—namely, its ability to participate in the distribution of funds according to the plan. *See also* 11 U.S.C. § 502(b)(9). "A creditor who elects not to file a claim elects also not to be paid under the plan." ... "The principal consequence of failing to file a proof of claim is that the creditor cannot have an allowed claim, and if it cannot have an allowed claim, then it will not be entitled to distributions under the plan."

*Id.* (citations omitted). In *Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118 (9th Cir.1983), the Ninth Circuit examined the meaning of "provided for by the plan" within the context of § 1328(a). The court held that "the phrase 'provided for' in § 1328(a) simply requires that for a claim to become dischargeable the plan

---

**5.** Bankruptcy Rule 9006 provides, in pertinent part, the following:

(b) Enlargement

(1) In general

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) Enlargement not permitted
The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.
(3) Enlargement governed by other rules
The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), *3002(c)*, 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, *only to the extent and under the conditions stated in those rules.* In addition, the court may enlarge the time to file the statement required under Rule 1007(b)(7), and to file schedules and statements in a small business case under § 1116(3) of the Code, only to the extent and under the conditions stated in Rule 1007(c).
Fed. R. Bankr.P. 9006(b) (emphasis supplied).

must 'make a provision for' it, i.e., deal with it or refer to it." *Id.* at 1122. Section 1328(a), however, does not require that the plan actually provide a benefit, i.e., a payment on the debt. *Ledlin v. United States (In re Tomlan)*, 102 B.R. 790, 793 (E.D.Wash.1989), aff'd, 907 F.2d 114 (9th Cir.1990). Accordingly, the Municipality can only rely upon the untimely Claim filed by the Debtor pursuant to Bankruptcy Rule 3004, which the bankruptcy court disallowed, because the Municipality did not elect to file a proof of claim. In the absence of reconsideration of the disallowance of the Claim filed in its name by the Debtor and the allowance of that Claim upon reconsideration, the Municipality's Claim will be discharged upon the completion of payments under the Debtor's plan, as the record is devoid of any evidence that its claim would be non-dischargeable under § 1328(a)(2) or that § 1308 is applicable to its Claim.

▪ Although the Debtor filed a Claim on the Municipality's behalf, she did so in an untimely manner, resulting in disallowance of the Claim. Notably, "[s]ince the amended Rule 3004 took effect ... the courts have strictly construed the bar date of Rule 3004, as they have other bar dates in bankruptcy." *In re Ford*, 205 B.R. 960, 966 (Bankr.N.D.Ala.1996) (citations omitted) (citing *In re Davis*, 936 F.2d 771 (4th Cir.1991); *In re Kloeble*, 112 B.R. 379, 382 (Bankr.S.D.Cal.1990); *In re Zimmerman*, 114 B.R. 439, 440 (Bankr.W.D.Pa.1990); and *In re King*, 90 B.R. 155, 157 (Bankr. E.D.N.C.1988) (strict compliance even when equities of the situation favor the debtor)). The Municipality makes a passing reference to "excusable neglect" as grounds for its Rule 60(b) Motion. It did not argue excusable neglect below, and, therefore, it cannot raise it for the first time on appeal. *See Back Bay Spas, Inc. v. 441 Stuart Mktg., LLC*, 688 F.3d 61, 62 (1st Cir.2012) (stating "legal theories not raised squarely in the lower court cannot be broached for the first time on appeal"). Nevertheless, the excusable neglect standard is applicable to the filing of claims under Bankruptcy Rule 3004. *See In re Oscar*, No. 04–18900F, 2005 WL 6522763, at *2 n. 4 (Bankr.E.D.Pa. Apr. 14, 2005); *In re Poor*, 127 B.R. 787, 791 & n. 7 (Bankr.M.D.La.1991). In order to have prevailed on its Rule 60(b) Motion, the Municipality would have had to establish excusable neglect on the part of the Debtor in filing the Claim under Bankruptcy Rule 3004, as the excusable neglect standard is inapplicable to Bankruptcy Rule 3002(c).[6] The Municipality did not make that argument or point to evidence in the record that excusable neglect existed on the part of the Debtor when she filed an untimely proof of claim pursuant to Bankruptcy Rule 3004.

---

6. The First Circuit has defined "excusable neglect" as "a failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.)*, 950 F.2d 798, 801 n. 8 (1st Cir.1991) (citing *In re Biddy*, 7 B.R. 50, 52 (Bankr.N.D.Ga.1980)). The First Circuit has identified the parameters of the "excusable neglect" analysis as follows:

Our evaluation of what constitutes excusable neglect is an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission, including factors such as the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith.

*Davila–Alvarez v. Escuela de Medicina Univ. Central del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001). To warrant relief under Rule 60(b)(1) for excusable neglect, the movant must demonstrate, "at a bare minimum, ... a convincing explanation as to why the neglect was excusable." *Cintron–Lorenzo v. Dep't de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir.2002).

The Municipality also alludes to § 502(j), but any reliance on § 502(j) is unwarranted as well. First, the Municipality did not raise any § 502(j) argument below, and, therefore, it cannot raise it for the first time on appeal. *See Back Bay Spas, Inc.,* 688 F.3d at 62 (stating "legal theories not raised squarely in the lower court cannot be broached for the first time on appeal"). Nevertheless, courts have treated motions filed under Bankruptcy Rules 9023 or 9024 as filed under § 502(j) and Bankruptcy Rule 3008. *See In re Cook,* 205 B.R. 617, 621 n. 1 (Bankr.N.D.Ala.1996). Moreover, even if the Panel were to treat the Rule 60(b) Motion as a motion under § 502(j), the Municipality did not meet its burden of proof under that section.

■ Reconsideration of a claim under § 502(j) is a two-step process: (1) a showing of cause for reconsideration; and (2) a determination of the claim according to the equities of the case. In *re Tri–State Ethanol Co., LLC,* No. 03–10194, 2009 WL 1079776, *7 (Bankr.D.S.D. Apr. 21, 2009) (citing *Americredit Fin. Servs. v. Durham (In re Durham),* 329 B.R. 899, 903 (Bankr. M.D.Ga.2005); *In re Enron, Inc.,* 325 B.R. 114, 117 (Bankr.S.D.N.Y.2005)). The Municipality never asserted that it did not have notice of the Claim Order, and offered no explanation for its ten-month delay in filing the Rule 60(b) Motion. Nonetheless, the Municipality urges the Panel to consider "the equities of the case" in reviewing the bankruptcy court's order denying its Rule 60(b) Motion. According to the Municipality, the equities weigh in favor of "reinstating the claim" because it would not prejudice the Debtor or the Trustee, nor would it "significantly undermine the proceedings in the case."

■ Cause as required by § 502(j) is not defined. Instead, the bankruptcy court is given wide discretion in determining what constitutes adequate cause for the reconsideration of a claim. *Id.* at *7 (citing *In re Smith,* 290 B.R. 102, 106–07 (Bankr.E.D.Ark.2003)). The party moving for reconsideration under § 502(j) bears the burden of showing "cause." *Jones v. Carrington Mortg. Servs., LLC,* No. 10–10510–NMG, 2011 WL 1103020, at *2 (D.Mass. Mar. 22, 2011). Cause may exist when relief would be justified under Rule 60(b). *In re Tri–State Ethanol,* 2009 WL 1079776, at *7 (stating that if a § 502(j) motion is made after expiration of appeal period, many courts treat motion as akin to motion for relief from judgment under Rule 60(b), and use those standards to define "cause") (citing cases).

The Municipality did not demonstrate that relief from the Claim Order was justified for cause under § 502(j). Although the Municipality argues that the equities weigh in favor of "reinstating the claim," there can be no basis for reconsideration of an order disallowing a claim according to the equities of the case without cause. *Jones,* 2011 WL 1103020, at *2. Thus, § 502(j) does not provide support for the Municipality's argument.

Rule 60(b), made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 9024, provides that a party may seek relief from judgment for certain reasons, including: "mistake, inadvertence, surprise, or excusable neglect," Fed.R.Civ.P. 60(b)(1), or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). As noted above, the Municipality did not identify a specific subsection in its Rule 60(b) Motion, simply stating: "This motion is filed under [Bankruptcy Rule] 9024[sic], which permits a motion for reconsideration or relief of [sic] an order of the court disallowing a claim against the estate, on grounds, among others, of mistake or misrepresentation or any other reason that justifies relief." However, the word "mistake" suggests the

Municipality is relying upon Rule 60(b)(1), while the phrase "any other reason that justifies relief" suggests it is relying upon Rule 60(b)(6).

▮▮▮ Bankruptcy courts have broad discretion in deciding motions for relief under Rule 60(b), and the denial of a Rule 60(b) motion should be reviewed with "the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir.2002). To prevail on a Rule 60(b) motion, the movant must demonstrate that: (1) the motion is timely; (2) there are exceptional circumstances justifying relief; and (3) vacating the judgment will not cause unfair prejudice to the opposing party. *Caisse v. DuBois*, 346 F.3d 213, 215 (1st Cir.2003) (citing *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17, 20 (1st Cir.1992)); *Roman v. Carrion (In re Rodriguez Gonzalez)*, 396 B.R. 790, 802 (1st Cir. BAP 2008) (same). In addition, the movant must show that granting the motion will not be an "empty exercise" by demonstrating that the underlying claim for relief is likely to succeed on the merits. *Caisse*, 346 F.3d at 215.

The Municipality has failed to establish that the bankruptcy court erred in denying its Rule 60(b) Motion. Granting the motion for reconsideration would have been an "empty exercise," as the Municipality failed to establish any grounds whatsoever for reconsideration of the disallowance of Debtor's untimely Claim filed on its behalf.

## CONCLUSION

Accordingly, the order of the bankruptcy court is **AFFIRMED**.